

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2006

# Shane v. Fauver

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Shane v. Fauver" (2006). *2006 Decisions.* Paper 66.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/66

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 04-3070
_____

*STANFORD SHANE;
OTIS TERRELL;
ROBERT STEWART,

Appellants

v.

WILLIAM FAUVER, Commissioner;
JAMES F. BARBO, Administrator;
JOSEPH ROGERS, Director of Custody

*(Dismissed per Clerk's order of 7/12/06)
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 97-cv-03401)
District Judge: Honorable William J. Martini

_____

Submitted Under Third Circuit LAR 34.1(a)
October 6, 2006

BEFORE: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed:  December 20, 2006)

_____

OPINION
_____

PER CURIAM

Robert Stewart appeals from the District Court's order granting the appellees' motion for summary judgment in his civil rights action. For the reasons that follow, we will affirm.

Because the parties are familiar with this case's history, we will not recount the background at length. Appellant Robert Stewart,[1] an inmate incarcerated at Northern State Prison in Newark, New Jersey, filed a complaint under 42 U.S.C. § 1983 against three defendants who were prison officials during the time periods relevant to the complaint: William Fauver, the now former Commissioner of the New Jersey Department of Corrections; James F. Barbo, the now former Administrator of Northern State Prison; and Joseph Rogers, the now former Director of Custody at Northern State Prison. Stewart alleged that the appellees violated his constitutional rights in connection with lock down conditions imposed following a riot at the prison. Specifically, Stewart, who was not involved in the riot, alleged that he was denied adequate medical treatment for a stomach virus and accompanying pain he suffered during the second week of the lock down. He also alleged that he was denied access to the law library from May through mid-June of 1997, rendering him unable to file an adequate appeal of an adverse parole decision. The complaint sought declaratory, injunctive, and damages relief.

---

[1] Stanford Shane and Otis Terrell were also plaintiffs in the District Court. Terrell passed away in 1999, and Stewart was substituted for Mr. Terrell's estate pursuant to Fed. R. Civ. P. 25(a) during the District Court proceedings. The appeal was dismissed as to Shane based upon his failure to timely prosecute.

2

The District Court granted the prison officials' motion to dismiss the complaint for failure to state a claim. On appeal, this Court vacated the District Court's dismissal order to allow for further proceedings. See Shane v. Fauver, 213 F.3d 113 (3d Cir. 2000). On remand, the District Court appointed counsel to represent the plaintiffs. Counsel filed an amended complaint. The appellees filed a motion for summary judgment, which the District Court granted. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a District Court's grant of summary judgment and apply the same test applied by the District Court. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of a genuine issue for trial. Specifically, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading"; the party's response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Saldana, 260 F.3d at 232 (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)).

We first address Stewart's claim that his First Amendment rights were violated in relation to having his law library access temporarily curtailed. It is settled that an inmate

3

who alleges a violation of the right of access to the courts must show actual injury. See Lewis v. Casey, 518 U.S. 343, 349 (1996). In this case, Stewart's claim concerns the negative impact on his parole board litigation. As explained by the District Court, the actual injury requirement is not met by every type of frustrated legal claim; constitutional protections are applied only to a prisoner's direct or collateral attack on his or her sentence, or challenges to prison conditions. Id. at 354-55. We agree with the District Court's conclusion that the appellees are entitled to summary judgment on this claim.

We now consider Stewart's claim that he was denied adequate medical treatment in violation of the Eighth Amendment. He alleged that he experienced pain, fever, and inability to digest food while he had a stomach virus. He claimed that a unit officer and supervisors ignored his requests for treatment, the unit officer reportedly commenting that Stewart "could do with a little suffering," and the supervisors leaving the unit immediately after supervising the serving of cold sack meals. In addition, Stewart asserted that a prison nurse came to the unit to attend to another inmate, but she rebuffed Stewart's request for treatment, saying that she was under orders not to respond to inmate requests. Notably, Stewart did not allege any personal involvement by Fauver, Barbo, or Rogers in his claim. Liability for constitutional violations cannot be based solely on a respondeat superior theory. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Therefore, we agree with the District Court's conclusion that the appellees are entitled to summary judgment on this claim as well.

We have considered all of the arguments raised in Stewart's brief and find them to

4

be without merit.[2]  We note that Stewart's brief appears to focus on the assertion that the District Court erred in denying appointment of counsel.  However, as stated earlier, the District Court appointed counsel to represent the plaintiffs.  To the extent that Stewart seeks reconsideration of this Court's denial of his motion for appointment of counsel on appeal, we deny reconsideration.

We will affirm the District Court's judgment.

---

[2] To the extent that Stewart's brief may be construed to raise arguments on behalf of appellant Terrell, see footnote 1, supra, we conclude that the District Court was correct in awarding summary judgment to the appellees, for reasons similar to those applied to Stewart's claims.  Terrell's claim that the denial of law library access prevented him from preparing legal papers to seek commutation or work credits does not satisfy the actual injury requirement under Lewis v. Casey.  Also, Terrell did not allege any personal involvement by Fauver, Barbo, or Rogers in his denial of adequate medical treatment claim.