

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-7-2007

# Cranbury Brook Farms v. Cranbury

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1707

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Cranbury Brook Farms v. Cranbury" (2007). *2007 Decisions.* Paper 1651.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1651

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1707 & 06-2825

_____

CRANBURY BROOK FARMS;
J. CLARK POLING,

Appellants

v.

THE TOWNSHIP OF CRANBURY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-02105)
District Judge: Honorable Faith S. Hochberg

_____

Submitted Under Third Circuit LAR 34.1(a)
October 25, 2006

BEFORE: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed: February 7, 2007)
_____

OPINION
_____

PER CURIAM

      Appellants, Cranbury Brook Farms (a sole proprietorship), and J. Clark Poling,

appeal the District Court's dismissal of their complaint, denial of their motion to amend

their complaint, and award of attorney's fees to Appellee as a sanction pursuant to Rule 11 of the Federal Rules of Civil Procedure. For the reasons that follow, we will affirm.

Poling has been a party to numerous state and federal court proceedings related to the distribution of property owned by his grandparents prior to their passing. In this connection, it appears that both the Chamberlin Farm in East Windsor, New Jersey, and the Tantum and Major Farms, in Cranbury Township, New Jersey, have been partitioned and sold in state court proceedings. See Cranbury Brook Farms v. Township of Cranbury, Civ. No. 00-5066, District Court Order, at 6-10 (D.N.J. July 10, 2001) (describing relevant state court proceedings). Since that time, Poling has initiated several federal actions against various individuals and entities disputing the manner in which the state court proceedings were conducted. See, e.g., Poling v. K. Hovnanian Enters., 99 F. Supp. 2d 502 (D.N.J. 2000), appeal dismissed pursuant to 28 U.S.C. § 1915, 32 Fed. Appx. 32 (3d Cir. 2002); Cranbury Brook Farms v. Twp. of Cranbury, Civ. No. 00-05066 (D.N.J. July 10, 2001) (Letter Opinion), aff'd in part, rev'd in part, 64 Fed. Appx. 850 (3d Cir. 2003); Poling v. Pepper Hamilton, No. 04-14363 (S.D. Fla. 2005).[1] This action continues in the same vein.

In the original complaint, Poling claims that Appellee Cranbury Township, and "Co-conspirators" Mark Solomon and William Moran, neither of whom were named as defendants, acted together in a civil conspiracy to deprive him of his Fifth and Fourteenth

---

[1] The latter two actions were voluntarily dismissed by Poling.

2

Amendment rights to due process and equal protection in violation of 42 U.S.C. §§ 1983 and 1985. The crux of this claim seems to be that Poling had retained Solomon, an attorney in private practice, to represent him in connection with the sale of the Tantum and Major Farms. According to Poling, Solomon was then appointed Partition Commissioner in connection with proceedings to partition and sell these properties, which created a conflict of interest which Solomon used to his advantage in effecting the partition. Poling further alleges that Moran, the former Township Attorney, participated in this conspiracy by concealing the condition of the title to the property, thereby depriving the taxpayers of Cranbury of clean title. He further maintains that the property was taken from him without just compensation or due process. He requests a declaratory judgment voiding the sale of the property, rescission of the agreement of sale, punitive damages, and temporary, preliminary, and permanent injunctive relief against the Township, barring it from continuing its wrongful acts.

In lieu of an answer, the Township filed a motion to dismiss on July 13, 2005, followed by a motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure on August 19, 2005. On September 19, 2005, without responding to either of the motions filed by the Township, Appellants sought leave to file a lengthy amended complaint recounting a host of additional facts attacking the way in which the state court partition proceeding was conducted, but articulating no new causes of action. On February 8, 2006, the District Court dismissed the complaint with prejudice, granted in part Appellee's motion for sanctions, and denied Appellants' motion to amend.

3

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's grant of a motion to dismiss de novo. See Alston v. Parker, 363 F.3d 229, 232-33 (3d Cir. 2004). We review its award of Rule 11 sanctions for abuse of discretion. See Simmerman v. Corino, 27 F.3d 58, 61 (3d Cir. 1994).

The District Court dismissed the complaint based on res judicata, holding that the dismissal of Poling's complaint with prejudice in Poling v. K. Hovnanian Enterprises, 99 F. Supp. 2d 502 (D.N.J. 2000), constituted a final judgment on the merits precluding him from raising the same claims in the present action. Because it appears that the subject of that action was actually the Chamberlin Farm, not the Tantum and Major Farms, and that the action did not involve Cranbury Township, we do not agree that res judicata applies. See In re Cont'l Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002) (holding that a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action). We may, however, affirm the dismissal of a complaint on any basis found in the record. See Nicini v. Morra, 212 F.3d 798, 805 (3d Cir. 2000). Upon a thorough review of the record, we conclude that Appellants have failed to state a claim upon which relief can be granted. Accordingly, we will affirm the District Court's dismissal of Appellants' complaint. We will also affirm its entry of Rule 11 sanctions in favor of Appellee.

In both his original and amended complaints, Poling claims that his due process and equal protection rights were violated and that he is entitled to redress for these wrongs under 42 U.S.C. § 1983. Section 1983 bars "the deprivation of any rights,

4

privileges, or immunities secured by the Constitution and laws" by any person acting under color of state law.  See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988).  In neither of the complaints does Poling articulate any way in which the Township of Cranbury deprived him of any right secured by the Constitution or laws of the United States.[2]  See West v. Atkins, 487 U.S. 42, 48-49 (1988).  While it is clear that Poling is dissatisfied with the process by which the properties in question were partitioned and sold, he has not identified any way in which his constitutional rights were violated by that sale.[3]

Poling additionally complains of a civil conspiracy resulting in the violation of his due process and equal protection rights.  To the extent Poling raises these claims pursuant to 42 U.S.C. § 1985, he has failed to allege any "racial or class based discriminatory animus" by which such a conspiracy was motivated, nor does the record reflect any basis for one.[4]  As such, these claims must fail.  See Lake v. Arnold, 112 F.3d 682, 685 (3d Cir.

---

[2]    While Appellants allege that Solomon and Moran acted as "co-conspirators," they have not been named as defendants in this action, and therefore we do not address the merits of any claims Appellants might have brought against them.

[3]    To the extent Appellants challenge the way in which the partition proceedings were conducted in state court, their claims cannot be raised in a subsequent federal action such as this.  See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that the Rooker-Feldman doctrine bars "state-court losers [from] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

[4]    To state a claim under § 1985(3), a plaintiff must allege: (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons of the equal protection of the laws; (3) an act

1997).

Appellants also challenge the District Court's denial of their motion for leave to file an amended complaint. Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course before a responsive pleading is served. Because a Rule 12(b) motion to dismiss is not considered a responsive pleading, Appellants were entitled to amend their complaint once as a matter of course without leave of the District Court. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). However, we need not address whether the District Court erred in denying Appellants' motion for leave to amend because, as we have already explained, the amended complaint fails to state a claim as well.

Finally, Appellants argue that the District Court abused its discretion in awarding Appellee Rule 11 sanctions in the form of attorney's fees without considering whether Appellants could afford to pay the fees. We have held that district courts may "award[] attorney's fees to prevailing defendants in an effort to discourage plaintiffs from bringing baseless actions or making frivolous motions." Doering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988).

In awarding Appellee attorney's fees, the District Court observed that Poling had raised similar claims in New Jersey, Florida and Pennsylvania courts, all of which had

in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States. See Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971).

been dismissed, either by the courts or voluntarily. Furthermore, he had previously been warned against filing frivolous and repetitive lawsuits prior to the imposition of sanctions. The District Court further noted that we had previously upheld the imposition of sanctions against Poling, and that none of the above factors had succeeded in deterring him from filing frivolous lawsuits against the parties involved in the partition and sale of the Chamberlin, Tantum and Major Farms.

Poling now contends, as he did in connection with his appeal of the District Court's grant of Rule 11 sanctions in Cranbury Brook Farms v. Township of Cranbury, 64 Fed. Appx. 850 (3d Cir. 2003), that the District Court failed to consider his indigency in granting Appellee's motion. We have previously directed the district courts to consider a litigant's ability to pay in granting an award of attorney's fees. Doering, 857 F.3d at 195-96. However, as with the last motion, Poling failed to apprise the District Court of his inability to pay. In fact, the record reflects no response at all from Poling to the Township's motion for sanctions. On September 9, 2005, the District Court granted Appellants an extension of time in which to respond to Appellee's motion, yet Appellants failed to file a response at any point during the interceding five months. As we held in connection with the prior appeal:

> The Appellants failed to raise these issues in the District Court despite the opportunity to do so. It is not the usual practice of this Court to consider and determine issues argued on appeal that were not presented or considered in the first instance in the District Court. But, even if we were to address these arguments, the Appellants failed to produce any evidence of their inability to pay in the District Court. See White v. General Motors Corp., Inc., 908 F.2d 675, 685 (10th Cir. 1990) (holding that inability to pay

7

should be treated as akin to an affirmative defense, with the burden on the sanctioned parties to come forward with evidence of their financial status). Because the District Court had no evidence of the Appellants' inability to pay, it had no basis for decreasing the monetary sanction on that ground.

Given Appellants' failure to respond to Appellee's motion, the District Court in this action similarly had no basis for mitigation. Therefore, we cannot conclude that the District Court abused its discretion in awarding Appellee attorney's fees and costs in the amount of $22,000.

Accordingly, we will affirm the judgments of the District Court.