

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2007

# Spencer v. Eristoff

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3970

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Spencer v. Eristoff" (2007). *2007 Decisions.* Paper 1453.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1453

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-141                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3970
_____

DAVID F. SPENCER,

Appellant

v.

ANDREW S. ERISTOFF; M. HENDRICK, TAX COMPLIANCE REP.

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 06-cv-00174)
District Judge: Honorable John E. Jones, III
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 1, 2007

Before: BARRY, AMBRO and FISHER, <u>Circuit Judges</u>

(Filed March 20, 2007)

_____

OPINION
_____

PER CURIAM

        David F. Spencer, a resident of Tobyhanna, Pennsylvania, appeals from a district

court order granting appellees' motion to dismiss his complaint.  For the following

reasons, we will likewise dismiss Spencer's appeal.[1]

On January 23, 2006, Spencer initiated this action by filing a complaint

challenging an income execution warrant issued to him in February 2004 by the New

York State Department of Taxation and Finance ("NYSDTF"). The warrant resulted in

garnishment of Spencer's wages for failing to file New York state income tax returns

during the 1997, 1999, and 2000 tax years. The gravamen of Spencer's claim, premised

upon the Uniform Commercial Code ("UCC"), was that the NYSDTF, in failing to

respond within 30 days to a December 2005 response letter sent to them by Spencer,[2] had

perpetrated fraud and/or absolved Spencer of his aforementioned outstanding tax liability.

On June 12, 2006, appellees filed a motion to dismiss Spencer's complaint for, inter alia,

failing to state a claim upon which relief could be granted. See Fed. R. Civ. P. 12(b)(6).

On August 11, 2006, the district court granted appellees' motion to dismiss holding that

Spencer had: failed to properly effect service of process upon appellees; failed to properly

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Spencer has been granted in forma pauperis status on appeal, pursuant to 28 U.S.C. § 1915, we first review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

[2] In his complaint, Spencer alleged that appellees were

> served a Uniform Commercial Code document via certified mail . . . upon which [they] w[ere] given thirty (30) days to respond. A lack of response by the Commissioner indicates fault under UCC 1-201(16) exists, creating fraud through material misrepresentation thus vitiating all forms, contracts, agreements, etc., express or implied, from the beginning, UCC 1-103.

allege a federal question; failed to state a claim upon which relief could be granted; and alleged misconduct by parties subject to immunity under the Eleventh Amendment.

We agree. Regardless of the underlying merits of Spencer's complaint, NYSDTF's failure to respond to his response letter gives rise to no federal cause of action. Spencer's allegations are plainly confined to a set of alleged violations of the UCC, an issue firmly within the purview of state law. Further, to the extent that Spencer's appeal concerns not the propriety of his filing, but the district court's decision to extend appellees' time for filing a response to his complaint, such a decision was well within the district court's discretion. We decline the invitation to address it. Spencer's complaint failed to state a claim of a violation of federal law; thus, we find the district court's dismissal entirely appropriate.

In light of our preceding discussion, there was no need to provide Spencer an opportunity to further amend his complaint because, under the facts as clarified by Spencer in numerous filings in the district court and this court, any further amendment to his complaint would have proven futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); see also Shane v. Fauver, 213 F.3d 113, 115-16 (3d. Cir. 2000).

For the foregoing reasons, we will dismiss this appeal under 28 U.S.C. § 1915(e)(2)(B).