

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-7-2008

# Hagins v. Spina

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3166

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hagins v. Spina" (2008). *2008 Decisions.* Paper 1470.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1470

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-142                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3166
_____

SEAN L. HAGINS,
                                                        Appellant

v.

FRANK SPINA II, Frank Spina II
Attorney being sued in his individual and official capacity

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-01625)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
February 28, 2008

Before:  SLOVITER, FISHER and HARDIMAN, <u>CIRCUIT JUDGES</u>.

(Filed:   March 7, 2008)
_____

OPINION
_____

PER CURIAM

        Sean L. Hagins, an inmate at the Federal Detention Center in Philadelphia, appeals

from an order of the United States District Court for the Eastern District of Pennsylvania

granting the defendant's motion to dismiss. For the following reasons, we will dismiss Hagins's appeal.

On January 16, 2007, Hagins, proceeding pro se, filed a civil rights complaint, under 42 U.S.C. § 1983, in the District Court. In the complaint, Hagins alleged that he had retained Frank Spina, an attorney, to represent him in a criminal case for a fee of $5,000. Spina, however, according to Hagins, quit the case after Hagins's initial appearance in court. Due to this turn of events, Hagins sought a return of $4,000 of his initial payment to Spina. Spina filed a motion to dismiss the case which the District Court granted on July 2, 2007. The District Court held that Hagins had failed to state a claim, under Federal Rule of Civil Procedure 12(b)(6), against Spina because Spina's representation of Hagins did not constitute an act under color of state law. Moreover, the District Court noted that even if Hagins's complaint were construed as raising an issue of Pennsylvania law, it failed to meet the necessary threshold amount in controversy requirement to invoke the District Court's diversity jurisdiction. See 28 U.S.C. § 1332. This timely appeal followed.

We have jurisdiction under 28 U.S.C. § 1291. "In reviewing the grant of a motion to dismiss for failure to state a cause of action, we apply the same standard as did the district court, accepting the allegations of the complaint as true and construing those allegations, in a light most favorable to the plaintiff. [] This standard does not vary where the action is brought pursuant to 42 U.S.C. § 1983." Dykes v. Se. Pa. Transp. Auth., 68

2

F.3d 1564, 1566 n.1 (3d Cir. 1995) (citation omitted).  An appellant may prosecute his appeal without prepayment of the fees under 28 U.S.C. § 1915(a)(1), but we must dismiss the appeal if we determine that it "lacks an arguable basis either in law or in fact."  See Neitzke v. Williams, 490 U.S. 319, 325 (1989); see also 28 U.S.C. § 1915(e)(2)(B)(i).

We agree with the District Court's analysis.  A viable § 1983 claim must be based on a right secured by the Constitution and laws of the United States.  Further, "[t]o make a prima facie case under § 1983, the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right."  Berg v. County of Allegheny, 219 F.3d 261, 268 (3d Cir. 2000) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995)).  Under the circumstances related by his complaint, Hagins cannot show the deprivation of a constitutional right through state action.  As the District Court noted, Spina's representation of Hagins does not render Spina a "person acting under color of state law" under § 1983.  See Polk v. County of Dodson, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel).  Further, Spina's actions denied Hagins the benefit of no identifiable constitutional right.

Given our preceding discussion, we agree with the District Court that there was no need to provide Hagins an opportunity to further amend his complaint because any such amendment would have proved futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (noting that amendment "must be permitted . . . unless it would

3

be inequitable or futile"); see also Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir. 2000). The complaint is devoid of any facts from which one could infer a violation of § 1983, and we cannot conceive of any viable federal claim that Hagins could possibly have brought.

Because Hagins failed to make sufficient allegations to establish a violation of federal law, his appeal lacks arguable legal merit. Accordingly, it will be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).