

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-19-2000

# Shane v. Fauver

Precedential or Non-Precedential:

Docket 98-6205

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"Shane v. Fauver" (2000). *2000 Decisions.* Paper 104.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/104

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 19, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-6205

STANFORD SHANE; OTIS TERRELL;
ROBERT STEWART,
        Appellants

v.

WILLIAM FAUVER, Commissioner;
JAMES BARBO, Administrator;
ROGERS, Chief; DIRECTOR OF CUSTODY

ON APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(Dist. Court No. 97-cv-03401)
District Court Judge: Joseph A. Greenaway, Jr.

Argued: November 16, 1999

Before: ALITO and STAPLETON, Circuit Judges, and
FEIKENS,* Senior District Judge.

(Filed: May 19, 2000)

_____

*The Honorable John Feikens, United States District Court for the
Eastern District of Michigan, sitting by designation.

Jon Hogue (argued)
Hogue & Lannis
3400 Gulf Tower
Pittsburgh, PA 151219

 Attorneys for Appellants

John J. Farmer, Jr., Attorney
 General of New Jersey
Mary C. Jacobson, Assistant
 Attorney General of Counsel
Larry R. Etzweiler, Senior Deputy
 Attorney General (argued)
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625

 Attorneys for Appellees

OPINION OF THE COURT

ALITO, Circuit Judge:

Stanford Shane, Otis Terrell, and Robert Stewart, prisoners at New Jersey's Northern State Prison, appeal the dismissal of their complaint under 42 U.S.C. S 1983 without leave to amend. We hold that, under the circumstances present here, Section 803(d) of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.S 1997e(c)(1), did not change the procedures that our court previously adopted regarding the dismissal of a complaint without granting leave to amend. We therefore vacate the order of dismissal and remand for further proceedings.

I.

The plaintiffs' complaint in this case asserted claims against three state correctional officials under the First, Eighth, and Fourteenth Amendments to the Constitution of the United States, as well as under the New Jersey Constitution. Although proceeding pro se, the plaintiffs paid the full filing fee. The defendants filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to

2

state a claim upon which relief may be granted. The plaintiffs responded, and the District Court entered an order granting the motion and dismissing the complaint. Because the order did not specify that the dismissal was without prejudice, under Fed. R. Civ. P. 41(b) the dismissal "operates as an adjudication upon the merits." The plaintiffs appealed.

When the appeal was first considered by a panel of this court, that panel entered an order directing that counsel be appointed to represent the plaintiffs on appeal and instructing counsel to brief the issue whether the PLRA mandated the dismissal of the plaintiffs' claims without leave to amend. New briefs were then filed by both sides, and the appeal was argued before this panel.

Plaintiffs' counsel contends that the District Court should not have dismissed without giving leave to amend and, in any event, should not have dismissed with prejudice. The defendants respond that the manner in which the District Court disposed of the case was required by the PLRA. According to the defendants, if a complaint falling within the PLRA fails to state a claim upon which relief may be granted, the District Court must dismiss without leave to amend and with prejudice.

II.

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend a pleading "once as a matter of course at any time before a responsive pleading is served." A motion to dismiss for failure to state a claim must be made "before pleading if a further pleading is permitted." Fed. R. Civ. P. 12(b). Thus, in the typical case in which a defendant asserts the defense of failure to state a claim by motion, the plaintiff may amend the complaint once "as a matter of course" without leave of court. See 2 James Wm. Moore et al., Moore's Federal Practice S 12.34[5], at 12-76 (3d ed. 1999) (quoting Fed. R. Civ. P. 15(a)). After amending once or after an answer has been filed, the plaintiff may amend only with leave of court or the written consent of the opposing party, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has

3

instructed that although "the grant or denial of an opportunity to amend is within the discretion of the District Court, . . . outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962).

"Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) ("Burlington"); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir. 1993). "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d at 1434. In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Id.; 3 Moore's Federal Practice, supra S 15.15[3], at 15-47 to -48 (3d ed. 2000). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.

The Federal Rules of Civil Procedure do not address the situation in which a deficiency in a complaint could be cured by amendment but leave to amend is not sought. Circuit case law, however, holds that leave to amend must be given in this situation as well. In Borelli v. City of Reading, 532 F.2d 950 (3d Cir. 1976), this court stated that a district court should use the following procedure in dismissing a complaint for failure to state a claim:

> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

Borelli, 532 F.2d at 951 n.1. In Darr v. Wolfe, 767 F.2d 79 (3d Cir. 1985), we stated:

4

> [T]his court has consistently held that when an individual has filed a complaint under S 1983 which is dismissable [sic] for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint and that denial of an application for leave to amend under these circumstances is an abuse of discretion.

Darr, 767 F.2d at 81.

These cases were followed by District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986), in which the court held that, if the complaint in that case was deficient, the District Court should have followed the procedure outlined in Borelli and granted leave to amend even though the plaintiff, which was represented by experienced counsel,[1] had never sought leave to amend. District Council 47, 795 F.2d at 316. The court observed that "we have never required plaintiffs to request leave to amend following a district court's dismissal of a complaint." Id. If the rules set forth above are applied to this case, it is apparent that the District Court should not have dismissed the plaintiffs' claims without either granting leave to amend or concluding that any amendment would be futile.

The defendants maintain, however, that the enactment of the PLRA altered these rules. The PLRA contains several provisions that address the dismissal of a complaint for failure to state a claim,[2] but because the plaintiffs here did

_____

1. See District Council 47, 795 F.2d at 317 (Aldisert, J., dissenting).

2. Section 805(a) of the PLRA requires a District Court to "screen" prisoner complaints "before docketing, if feasible or, in any event, as soon as practicable after docketing," and provides that the Court "shall . . . dismiss" any portion of a complaint that, among other things, "fails to state a claim upon which relief may be granted." 28 U.S.C. S 1915A(a)-(b). This provision does not apply to the present case because the complaint was not dismissed pursuant to court "screening" but on motion by the defendants.

Section 804(a)(5) of the PLRA provides that in an in forma pauperis case, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. S 1915(e)(2) (emphasis added). This is not an in forma pauperis case.

5

not proceed in forma pauperis and because their complaint was dismissed on motion by the defendants and not sua sponte by the court, only one of those provisions is applicable. We therefore focus our analysis on the effect of this provision and do not reach the other provisions that apply to sua sponte dismissals and in forma pauperis cases.

The provision that applies here, PLRA S 803(d) provides in pertinent part as follows:

> The court shall . . . on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action . . . fails to state a claim upon which relief can be granted.

42 U.S.C. S 1997e(c)(1) (emphasis added).

We think that the most natural reading of this language is that it simply restates the proposition that is implicit in Rule 12(b)(6), i.e., if a claim is based on facts that provide no basis for the granting of relief by the court, the claim must be dismissed. We acknowledge that the words of the statute do not foreclose the following, more expansive reading: if a complaint fails to state a claim for any reason, including a pleading error that could be cured by amendment, the court "shall . . . dismiss" forthwith and without permitting a curative amendment. But we believe that this reading is more strained and would produce results that we doubt Congress wanted. If "shall . . . dismiss" were interpreted to mean "shall dismiss forthwith and without permitting a curative amendment," it would seem that a court would be required to grant a motion to dismiss a technically defective claim even if a request for leave to amend to cure the defect were pending. We doubt that Congress wanted to require such a harsh, and seemingly pointless, result. We are also hesitant to conclude that Congress meant to change established procedures without a clearer indication than we have here.

We are not aware of anything in the legislative history of the PLRA that weighs significantly against the conclusion

6

that we reach. There is no doubt that the provisions of the PLRA on which the defendants rely were meant to curb the substantively meritless prisoner claims that have swamped the federal courts. See, e.g., 141 Cong. Rec. S7526 (remarks of Sen. Kyl). But we are not aware of any specific support in the legislative history for the proposition that Congress also wanted the courts to dismiss claims that may have substantive merit but were inartfully pled.

In sum, we hold that, under the circumstances presented here, a District Court must continue to follow the procedures mandated by our pre-PLRA cases. We note that the result we reach is consistent with decisions of the Second, Ninth, and Tenth Circuits. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 796 (2d Cir. 1999); Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 806 (10th Cir. 1999).3 But see Benson v. O'Brian, 179 F.3d 1014, 1016 (6th Cir. 1999). Unlike those circuits, however, we limit our holding to the dismissal on motion of a complaint in a non-in-forma-pauperis case.

III.

The District Court in this case dismissed the plaintiffs' claims with prejudice and without leave to amend. In doing so, the court may have understandably thought that this procedure was mandated by the PLRA. We hold, however, that it is not and that now, as before, in the situation presented here, dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility. The District Court did not test the plaintiffs' various claims against this standard, and we therefore vacate the order dismissing those claims and remand for the District Court to rule in the first instance on whether this standard is met.

_____

3. See also Davis v. District of Columbia, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (dictum); Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998) (dictum).

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit