

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2004

# Green v. Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4291

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Green v. Robinson" (2004). *2004 Decisions*. Paper 237.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/237

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 01-4291

———

RAMEE K.D. GREEN,

Appellant

v.

WILLIE ROBINSON; JOHN DOE;
WILLIAM J. FISHER, ASSISTANT DISTRICT ATTORNEY,
IN THEIR PERSONAL/INDIVIDUAL CAPACITY

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 97-cv-3005)
District Judge: Honorable Norma L. Shapiro

———

Argued: October 1, 2004

Before: ROTH and CHERTOFF *Circuit Judges*, and IRENAS,* *Senior District Judge*.

(Filed     October 13, 2004         )

ROBERT A. LONG
JEREMY D. KERNODLE (Argued)
Covington & Burling
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004

    *Counsel for Appellant*

---

  * Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

PEDRO A. RAMOS, City Solicitor
ELISE BRUHL, Assistant City Solicitor, Appeals (Argued)
City of Philadelphia Law Department
1515 Arch Street, 17th Floor
Philadelphia, PA 19102

     *Counsel for Appellee*

————

OPINION

————

CHERTOFF, *Circuit Judge.*

Ramee K.D. Green seeks to pursue a malicious prosecution claim filed January 3, 2001 against Philadelphia Police Officer Willie Robinson based on his May 9, 1995 acquittal of firearms charges. The District Court dismissed the claim as time-barred and we will affirm.

Green initially filed a pro se Section 1983 complaint on April 25, 1997 within the two-year statute of limitations for malicious prosecution claims.[1] His complaint, though, alleged that defendant William J. Fisher, Assistant District Attorney, had maliciously pursued the charges and had, to that end, induced Officer Robinson and his John Doe police partner to testify falsely at trial. (App. 34-43.) The District Court dismissed the false testimony claims against Officers Robinson and Doe following the screening

---

[1] The statute of limitations for Green's Section 1983 malicious prosecution claim is governed by the statute of limitations for personal injury claims provided by Pennsylvania law, which is two years. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); 42 Pa. Cons. Stat. Ann. § 5524(2).

2

provided for by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2), because of the immunity from damages for trial testimony provided by <u>Briscoe v. LaHue</u>, 460 U.S. 325 (1983). (App. 12-15.) The claims against Fisher proceeded and the original complaint was filed and served on Fisher.

Green then requested that his case be administratively stayed pending resolution of a petition he filed under Pennsylvania's Post-Conviction Relief Act (PCRA) seeking to overturn a state court murder conviction. Fisher was also the prosecutor in the murder case and Green sought the stay because he evidently believed that his pending PCRA petition which asserted malicious prosecution against Fisher could have an "impact on [his] Section 1983 claim alleging malicious prosecution." (App. 50.) The District Court granted his request and the case was stayed until September 19, 2000. (App. 18-19.)

Upon reopening, Green, represented by counsel, filed a motion to amend his original complaint and allege a malicious prosecution claim against Officer Robinson. (App. 56-61.) Green's motion was granted and he filed his amended complaint on January 4, 2001. (App. 62-67.) Officer Robinson was then served for the first time. (App. 72.)

Robinson filed a motion for summary judgment, asserting that the malicious prosecution claim was barred by the statute of limitations. (App. 74.) The District Court granted his motion, finding that the January 4, 2001 malicious prosecution claim was time-barred because it did not relate back to the April 25, 1997 complaint pursuant to

3

Federal Rule of Civil Procedure 15(c)(3), since Robinson had not been provided notice of the claim until he was served in January 2001. The Court further found that the dismissal of the claims against Robinson in the original complaint was proper even though Green was not provided an opportunity to first amend his complaint, because any amendment of the original false testimony claims would have been futile. (App. 16-27.) The District Court entered summary judgment in favor of Officer Robinson on October 25, 2001. (App. 27.)

Green appealed the decision of the District Court and was appointed counsel. On appeal, he raises three arguments. First, he asserts that the District Court committed reversible error when it failed to inform him of his opportunity to amend his complaint prior to dismissal under the PLRA. Second, he asserts that the District Court should have considered his relation-back claim pursuant to Rule 15(c)(2) which applies to additions of claims against existing parties, instead of 15(c)(3) which applies to additions of claims against new parties. Third, he asserts that even if Rule 15(c)(3) applies, he has satisfied its strictures because its time limit for notice upon a new party can be extended for "good cause," which he asserts is present here. This Court heard the arguments of the parties on October 1, 2004 and will address each in turn.

## A.

Green first argues that the District Court committed reversible error when it dismissed his original complaint without providing him notice that he could amend his

complaint to state a viable claim. We disagree.

Under the PLRA, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii). Prior to dismissal, though, "the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (citing Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000)). Here, the District Court was not required to inform Green of his opportunity to amend because amendment would have been futile.

Green's original complaint focuses its allegations on Assistant District Attorney Fisher, asserting that Fisher maliciously pursued firearms charges against Green and used Robinson to do so. The sole basis for liability asserted against Robinson was that Fisher convinced him to testify falsely at Green's trial. Robinson was immune from damages for this testimony pursuant to Briscoe v. LaHue, 460 U.S. 325 (1983). An opportunity to amend the claim, therefore, was futile as no amount of repleading could have negated Robinson's immunity from a claim based on his trial testimony.

Green argues, though, that amendment of his complaint could not have been futile because he was able to amend his complaint to state the malicious prosecution claim for which Robinson is not immune. Green's amended complaint, though, completely changed the factual theory of the case, focusing the allegations on Robinson instead of

5

Fisher. This is not a case where the pro se plaintiff clearly intended to plead a different legal theory which would support a claim based on the same alleged facts. Cf. Abbott v. Latshaw, 164 F.3d 141, 149 (3d Cir. 1998). Here, the complaint was only capable of correction through an amendment that fundamentally changed the alleged factual scenario. Under these circumstances, the District Court was not required to predict that Green, in a complaint that alleged that Fisher had maliciously prosecuted him, actually intended to allege that Robinson had done so. Considering the facts as alleged in the complaint, the District Court appropriately determined that amendment was futile, and this Court will affirm its decision on this issue.[2]

B.

Green next asserts that the District Court incorrectly applied the relation-back standard of Rule 15(c)(3) instead of 15(c)(2) to his malicious prosecution claim. Rule 15(c)(2) applies to amendments which assert a new claim or defense against an existing party; Rule 15(c)(3) applies to amendments which add claims against a new party. Green asserts that Rule 15(c)(2) should apply here because Robinson was named in the original complaint. This Court disagrees and finds that the District Court appropriately applied

---

[2] Green also contends that the District Court should not have viewed amendment as futile because he alleged in passing that Robinson falsely arrested him. To the contrary, Green was arrested on October 28, 1992. As of the date of the original April 25, 1997 complaint, the two-year statute of limitations for a false arrest civil rights claim had already expired. See Montgomery v. De Simone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998). This was all the more reason to regard further amendment of the complaint against Robinson as futile.

6

Rule 15(c)(3) because Robinson was, in essence, a new party to the action when the amended complaint was filed. He was dismissed from the lawsuit on June 3, 1997 before the original complaint was filed and before he was served. As a result, he never received notice of the lawsuit until he was served with the amended complaint in January 2001, almost four years after the statute of limitations had run.

In determining whether a party is a "new party" so that Rule 15(c)(3) -- rather than (c)(2) -- should apply, courts consider whether the defendant had timely notice that the original complaint was filed and that he was one of its intended defendants. See, e.g., Delgado-Brunet v. Clark, 93 F.3d 339, 344 (7th Cir. 1996). As a result, where a party is not named in the complaint, or is named as a "John Doe" defendant, and has no reason to know that he is an intended party in the lawsuit, the relation back inquiry is governed by the new party standard of Rule 15(c)(3). See Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 194 (3d Cir. 2001); Wayne v. Jarvis, 197 F.3d 1098, 1102-03 (11th Cir. 1999); Delgado-Brunet, 93 F.3d at 344; Cox v. Treadway, 75 F.3d 230, 240 (6th Cir. 1996); Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 468 (2d Cir. 1995). In determining whether Rule 15(c)(2) or 15(c)(3) applies, the focus is on whether the defendant had timely notice that the plaintiff sought to assert claims against him.

The District Court appropriately applied Rule 15(c)(3) to the relation-back inquiry because Robinson was dismissed from the lawsuit before the complaint was filed and, as a result, was never served with the complaint or provided notice until January 2001 that

7

Green sought to assert claims against him. He had no notice that he was the intended defendant in this action until almost four years after the statute of limitations on the malicious prosecution claim had run. The Court, therefore, will affirm the District Court's application of Rule 15(c)(3) to this matter.

C.

Finally, Green argues that he satisfied the requirements of Rule 15(c)(3) because he has "good cause" for his failure to provide timely notice of the action to Robinson. Under Rule 15(c)(3), a claim relates back to the timely-filed complaint if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" and if

> within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c)(2)-(3). The period provided by Rule 4(m) for service of the summons and complaint is "120 days after the filing of the complaint" unless the "plaintiff shows good cause for the failure," in which case "the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Here, Robinson was first served on January 5, 2001, long after the 120 days for service had passed after the filing of the April 25, 1997 complaint. Green has not shown "good cause" for this delay, which was largely caused by his own request to stay the case

8

for almost three years while his PCRA petition was pending in state court. While it is true that Green would have been able to serve Robinson within the 120-day period absent the PLRA screening of his complaint, it is also clear that Green did not intend to serve Robinson with a malicious prosecution claim at that time. Instead, Green tailored his initial complaint in this matter to dovetail with his PCRA allegations against Fisher. (See App. 45-50.)[3] His choice to alter his theory only after his unsuccessful PCRA petition, and to now focus its allegations on Robinson, makes clear that the delay in this matter was not caused by the PLRA screening. Rather, delay was the direct result of Green's tactical decision to suspend consideration of this matter so that he could strengthen and pursue his PCRA claim. This does not provide good cause to extend time for service in this matter. Therefore, this Court will affirm the decision of the District Court.

---

[3] In his motion for a stay of the federal proceedings, Green linked this case to the PCRA case as follows:

> In plaintiff's criminal proceedings now under appeal there is an issue concerning [Fisher's] malicious prosecution of procuring and subornating witnesses to testify falsely against plaintiff, similar to plaintiff's Section 1983 Claims in which a favorable ruling may necessarily imply the invalidity of plaintiff's state conviction.

(App. 48.)