

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-14-2008

# Cruz v. State of PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2225

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Cruz v. State of PA" (2008). *2008 Decisions.* Paper 1225.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1225

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2225

———————

DAVID CRUZ;
LAURA SAMUEL CRUZ,

David Cruz, Appellant

v.

THE STATE OF PENNSYLVANIA; COUNTY OF YORK; SCHAAD DETECTIVE
AGENCY; ED GUMPER, Schaad Detective Agency; ROSS,
Commonwealth of Pennsylvania, County of York

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 06-cv-01308)
District Judge: Honorable John E. Jones, III

———————

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 5, 2008

Before: AMBRO, FUENTES and FISHER, <u>Circuit Judges</u>

(Opinion filed: May 14, 2008)

———————

OPINION

———————

PER CURIAM

David Cruz, proceeding <u>pro se</u>, appeals from an order of the United States District

Court for the Middle District of Pennsylvania dismissing his amended complaint. For the following reasons, we will affirm the judgment of the District Court.

Because the parties are familiar with the background of this case, we will discuss only those facts relevant to our decision. In 1995, an officer from the York County, Pennsylvania Police Department searched and seized Mr. Cruz's 1991 Honda station wagon. Mr. Cruz filed a petition for the return of his property, and on September 30, 2005, Judge John S. Kennedy of the York County Court of Common Pleas issued an order directing the County to return the vehicle and its contents to Mr. Cruz, with storage fees waived by the Commonwealth. Because Mr. Cruz was incarcerated, the Chief Deputy Prosecutor of York County sent a letter to Mr. Cruz's wife, Laura Samuel Cruz, informing her that she could pick up the vehicle at any time at the Schaad Detective Agency in York. When Mrs. Cruz contacted the Schaad Detective Agency, she was told by an employee named Ross that she was required to pay storage fees prior to retrieving the vehicle. Mrs. Cruz was unable to retrieve the vehicle because she did not pay the fees.

On July 5, 2006, Mr. Cruz commenced an action in the United States District Court for the Middle District of Pennsylvania. His original pro se complaint named as defendants the Commonwealth of Pennsylvania, York County, the Schaad Detective Agency, and its employee, Ed Gumper. On July 13, 2006, Mr. Cruz filed a first amended complaint adding his wife as a co-plaintiff. He also filed several exhibits in support of

his amended complaint.  On October 4, 2006, the District Court granted the Cruzes'

motion to file a second amended complaint, which added the York County Police

Department and the Property Clerk of York County as co-defendants.[1]  Mr. and Mrs. Cruz

claim in their pleadings that the government defendants unconstitutionally seized Mr.

Cruz's vehicle in 1995 and that the Schaad Detective Agency and its employee, Gumper,

violated the Due Process and Equal Protection Clauses by requiring the payment of

storage fees prior to releasing the vehicle, in contravention of Judge Kennedy's order.

The plaintiffs request compensatory and punitive damages from the defendants in the

amount of $250,000 for the alleged wrongful seizure and retention of the vehicle.

On December 13, 2006, the District Court granted the motions to dismiss the

complaint filed on behalf of York County, Schaad Detective Agency, and Gumper,

because the Cruzes did not file a brief in opposition to the motions as directed.  On

January 19, 2007, the District Court granted the Cruzes' motion for reconsideration of the

order of dismissal and directed them to file a brief in opposition to the motions to dismiss

within thirty days.  The plaintiffs did not abide by this order and instead filed numerous

---

[1] On February 5, 2007, the Cruzes filed a motion for leave to file a third amended
complaint and a proposed amended complaint.  The District Court denied the motion, but
Mr. Cruz has submitted the proposed amended complaint on appeal without addressing
the grounds stated in the District Court's opinion for denying leave to amend.  We will
not consider the allegations raised in the proposed amended complaint because the
District Court did not authorize the filing of that document and did not abuse its
discretion in denying the Cruzes' request for an additional opportunity to cure the
deficiencies in their pleadings.  See Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

documents that did not address the arguments raised by the defendants in their motions to dismiss. On April 2, 2007, York County filed a document requesting that the District Court once again dismiss the action due to the Cruzes' failure to obey court orders. On April 11, 2007, the District Court issued an order granting the motions to dismiss and denying the plaintiffs' request for leave to file a third amended complaint. The District Court explained that it was dismissing the case because the plaintiffs had not filed an opposition brief within the prescribed time. The District Court also determined that Mr. and Mrs. Cruz had not stated a valid claim under federal law against York County and had failed to establish a jurisdictional basis for any state law claims asserted in the pleadings. Mr. Cruz filed a timely appeal from the April 11, 2007 order. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. Our review of a district court's decision to grant a motion to dismiss for failure to state a claim is plenary. Buck v. Hampton Tp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

First, we conclude that Mr. Cruz has failed to state a constitutional claim under 42 U.S.C. § 1983 against the state defendants. The pleadings indicate that he is seeking compensatory and punitive damages from the Commonwealth of Pennsylvania, York County, the York County Police Department, and the Property Clerk of York County. However, the suit against the Commonwealth is barred by the Eleventh Amendment, Quern v. Jordan, 440 U.S. 332, 340-41 (1979), and the claims against York County and the York County Police Department were properly dismissed because Mr. Cruz did not

4

allege that he suffered harm pursuant to an official policy or custom of York County, Natale v. Camden County Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Mr. Cruz has also failed to state a claim against the Property Clerk of York County, as the pleadings do not identify a single act of wrongdoing committed by that party.

Appellant also asserts constitutional claims against the Schaad Detective Agency and its employee, Ed Gumper. We agree with the District Court that these defendants are not subject to liability under 42 U.S.C. § 1983 because they cannot be considered state actors. Specifically, Mr. Cruz has failed to set forth facts indicating that the alleged wrongful acts committed by these defendants may fairly be attributed to the Commonwealth. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 936-39 (1982); Leshko v. Servis, 423 F.3d 337, 339-41 (3d Cir. 2005). To the extent that the allegations against these defendants give rise to any causes of action under state law, the District Court did not act inappropriately in dismissing the case rather than exercising supplemental jurisdiction over the state law claims. See Edelstein v. Wilentz, 812 F.2d 128, 134 (3d Cir. 1987). We also reject Mr. Cruz's contention that the District Court should have exercised diversity jurisdiction over the claims against Schaad Detective Agency and Gumper. A district court has subject matter jurisdiction over state law claims if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 for each plaintiff. See 28 U.S.C. § 1332; Golden v. Golden, 382 F.3d 348, 355 (3d Cir. 2004). Because none of the pleadings specify the domicile of

5

the parties, Mr. Cruz has not met his burden of showing diversity of citizenship. FED. R. CIV. P. 8; Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co., 177 F.3d 210, 222 n.13 (3d Cir. 1999). Mr. Cruz has also failed to allege that he independently satisfies the amount-in-controversy requirement with regard to his claims against Schaad Detective Agency and Gumper. The $250,000 amount specified in the pleadings refers to the total amount of damages sought by Mr. and Mrs. Cruz against all the defendants for misconduct dating back to 1995, and does not represent the amount of damages sought by Mr. Cruz against Schaad Detective Agency and Gumper as a result of their alleged refusal to comply with Judge Kennedy's 2005 order. Accordingly, the District Court did not err in declining to exercise diversity jurisdiction over the claims against the non-government defendants.

Mr. Cruz also challenges the District Court's October 25, 2006 order denying his motion for appointment of counsel. Upon consideration of the order, we conclude that the District Court appropriately balanced the factors stated in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), and did not abuse its discretion in denying the motion.

For the foregoing reasons, we will affirm the judgment of the District Court.

6