**ALD-123**                                                                                                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4632
_____

MARC ANTWAIN X. RIVERS MUHAMMAD, SR.,
                                                       Appellant
v.

YVETTE DAVIS; THE LUZERNE COUNTY DEPARTMENT
OF PUBLIC WELFARE; THE LUZERNE COUNTY COURT OF COMMON
PLEAS DOMESTIC RELATIONS SECTION; DONALD T. ROGERS, Esquire;
MRS. PAULA DEJOSEPH, Esquire, Hearing Officer;
JOHN LEIGHTON, Conference Officer

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-11-cv-01292)
District Judge:  Honorable A. Richard Caputo

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 1, 2012

Before:  SLOVITER, FISHER and WEIS, Circuit Judges

(Opinion filed: March 12, 2012)

_____

OPINION
_____

PER CURIAM.

1

Marc Antwain X. Rivers Muhammad, Sr., appeals, pro se, the District Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Because we conclude that this appeal presents no substantial question, we will summarily affirm. See 3d Cir. LAR 27.4; I.O.P. 10.6.

## I.

Plaintiff Marc Antwain X. Rivers Muhammad, Sr., had a son with defendant Yvette Davis in February 2009. In June 2009, the Luzerne Court of Common Pleas Domestic Relations Section ordered Muhammad to make monthly child support payments. Muhammad challenged the order on constitutional grounds and was given a new trial. The hearing officer adjusted his payments, but determined that his constitutional claims were beyond her jurisdiction. The Superior Court denied his second appeal. In July 2011, Muhammad filed a pro se complaint against Davis and the remaining defendants. He claims, under 42 U.S.C. § 1985(2) and (3) and § 1983, that the order that he pay child support to Davis violates his Fourteenth Amendment right to privacy. He also asserts that the defendants used the administrative and judicial process in furtherance of their conspiracy to deprive him of his rights.

The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and recommended that it be dismissed. After considering Muhammad's objections, the District Court adopted the Report and Recommendation, including its recommendation that leave to amend be denied for futility, and dismissed the case. Muhammad filed a timely notice of appeal.

2

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal under § 1915(e)(2)(B). Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Summary action is warranted if an appeal presents no substantial question. 3d Cir. LAR 27.4; I.O.P. 10.6.

## III.

As the District Court noted, to state a claim for conspiracy under 42 U.S.C. § 1985(2) or (3), Muhammad must allege that the conspirators intended to deny him equal protection of the laws. See § 1985; see also Lake v. Arnold, 112 F.3d 682, 685 (3d Cir. 1997). Muhammad alleged in his complaint that the defendants conspired to deprive him of equal protection of the laws by forcing him to pay child support in violation of his right to privacy.

The District Court correctly found there is no legal basis to extend the definition of privacy in the way Muhammad seeks. Rather, the state's interest in child welfare is sufficiently compelling to overcome a claim challenging a support order on privacy grounds. See N.E. v. Hedges, 391 F.3d 832, 836 (6th Cir. 2004). Accordingly, the child support order is not unconstitutional, and Muhammad's complaint does not allege a deprivation of equal protection of the laws.

Finally, we conclude that the District Court did not abuse its discretion in determining that it would be futile to allow Muhammad to file an amended complaint. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).

3

IV.

Because the appeal does not present a substantial question, we will summarily affirm the District Court's order.  <u>See</u> 3d Cir. L.A.R. 27.4; I.O.P. 10.6.