**Aslon GOOW, Sr., Appellant**

v.

**James T. WITTIG; Troy Oswald; The City of Paterson; John Does; Jane Does.**

**No. 13–1966.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) March 4, 2014.

Filed: March 5, 2014.

258

Mark B. Frost, Esq., Ryan M. Lockman, Esq., Mark B. Frost & Associates, Philadelphia, PA, for Appellant.

William T. Connell, Esq., Dwyer, Connell & Lisbona, Fairfield, NJ, Michael J. Stone, Esq., The Stone Group, Warren, PA, Gary S. Spagnola, Esq., Golden, Rothschild, Spagnola, Lundell, Levitt & Boylan, Bridgewater, NJ, for James T. Wittig; Troy Oswald; The City of Paterson; John Does; Jane Does.

Before: RENDELL, SMITH, and HARDIMAN, Circuit Judges.

## OPINION

SMITH, Circuit Judge.

Plaintiff–Appellant Aslon Goow, Sr. ("Goow") appeals the order of the District Court granting summary judgment in favor of defendants and denying his motion for leave to file a second amended complaint. We will affirm.

Goow is a former Councilman for the Second Ward in the City of Paterson, New Jersey. At the time relevant to this dispute, Goow also served as a Class II Special Officer in the Town of Haledon, New Jersey, a position carrying the same enforcement powers as a regular police officer—but only while the Special Officer is on duty and in the municipality where he is employed.

In the early morning hours of December 24, 2006, while at his home in the City of Paterson, Goow was stirred from his sleep by a noise outside which he believed was caused by two individuals attempting to steal his neighbor's vehicle. Goow immediately got in his vehicle, which was equipped with a police radio and emergency lights, and began pursuing the two individuals through the streets of Paterson. The pursuit continued onto the Garden State Parkway and lasted approximately 23 miles. At one point, Goow was joined in his pursuit by Paterson Police Officer Goodson. On the instruction of his supervisor, however, Officer Goodson discontinued his pursuit when the suspects crossed Paterson city limits. Undaunted by such boundaries, Goow continued the pursuit into the City of Clifton, New Jersey and southbound on the Garden State Parkway before eventually giving up the chase.

Following the incident, Paterson Police Chief James Wittig ordered the Commander of the Internal Affairs Unit to conduct an investigation into Goow's actions. That investigation was eventually handed over to Captain Troy Oswald. After interviewing Officer Goodson and consulting with an accident reconstruction expert, Captain Oswald determined that Goow had exceeded the speed limit during the pursuit. Accordingly, Captain Oswald issued Plaintiff a motor vehicle summons for speeding. The summons was eventually dismissed on a motion by the Passaic County Prosecutor.

At a Council meeting on January 23, 2007, Goow made a public statement about his December 24, 2006 pursuit. He complained about the Paterson Police Department's investigation into his actions and insinuated that the department had acted wrongly in breaking off the pursuit. The

following month, an unidentified person telephoned Captain Oswald to complain about Goow's comments. The caller stated that Goow should not be permitted to act as "some kind of super cop" in light of his past history of criminal offenses. Chief Wittig instructed Captain Oswald to investigate these allegations further and, more specifically, to determine whether Goow had a past criminal history that would disqualify him from having a permit to carry a weapon.

During this second investigation, Captain Oswald discovered inconsistent answers on Goow's two previous gun permit applications from 1995 and 2004. On the earlier application, Goow acknowledged being adjudged a juvenile delinquent, but he denied as much on the later application. Captain Oswald advised Chief Wittig that he believed the inconsistency was because Goow's records had been expunged. Following up on this belief, Chief Wittig obtained the expunged records from the Paterson Police Records Bureau and gave them to Captain Oswald. These documents indicated that Goow had been arrested and/or convicted more than 15 times, had served time in the Passaic County jail, and had submitted two applications for expungement, both of which were granted.

Captain Oswald then forwarded the investigation to the Passaic County Prosecutor's Office to determine whether Goow was properly hired as a Special Officer and whether the expunged records disqualified him from carrying a firearm. The Prosecutor's Office responded that it did not want to investigate or charge Goow. Accordingly, Chief Wittig directed Captain Oswald to take no further action.

On December 23, 2008, Goow filed this action against Chief Wittig, Captain Os-wald, and the City of Paterson. Goow amended his complaint on September 14, 2009. His First Amended Complaint alleges that defendants violated his Fourth, Fifth, and Fourteenth Amendment rights under the United States Constitution. After discovery was completed, on November 20, 2012, defendants filed a motion for summary judgment on all claims. On January 28, 2013, after filing a brief in opposition to defendants' motion for summary judgment, Goow filed a motion for leave to file a second amended complaint. In his proposed complaint, Goow included two new claims for relief: a First Amendment retaliation claim and a claim for violation of the New Jersey Civil Rights Act.

On March 6, 2013, the District Court entered an order denying Goow's motion for leave to amend and granting defendants' motion for summary judgment. Goow timely filed this appeal.[1]

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days after service of the pleading itself or within 21 days after service of any responsive pleading or motion. Fed.R.Civ.P. 15(a)(1). Beyond this allowance, a party may amend its pleading only with leave of court or consent of opposing counsel, but "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir.2000).

The District Court denied Goow's motion for leave to file a second amended complaint because it concluded that his delay in seeking leave to amend was undue. We review this decision for an abuse

---

**1.** The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), (4). We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

of discretion. *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir.2000).

The District Court did not abuse its discretion in denying Goow's motion for leave to file a second amended complaint. As the District Court explained, Goow "commenced this action on December 23, 2008, and waited in excess of four years to file this Motion for Leave." A13. The record indicates that Goow was aware of his First Amendment claims as early as September 14, 2009, and at the least, no later than October 2010. Nonetheless, Goow "waited until January 28, 2013—after Defendants filed their Motion for Summary Judgment—to seek leave to assert this claim." *Id.* Because Goow has failed to offer an adequate justification for his delay, we find no error in the District Court's determination that Goow's delay in seeking leave to amend was undue.

Additionally, we conclude that the District Court did not err in granting summary judgment in favor of defendants as to the claims asserted in the First Amended Complaint. Accordingly, we will affirm for essentially the reasons expressed by the District Court in its thoughtful opinion.