NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3608
_____

COMMUNITY COUNTRY DAY SCHOOL, A Pennsylvania Non-Profit Corporation;
FANANDA CLINTON, Parent and Natural Guardian of D.C.;
JUANITA CORREA, Parent and Natural Guardian of S.C and A. M.,

                                                                                    Appellants

v.

ERIE SCHOOL DISTRICT
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D. C. No.1-14-cv-00019)
District Judge:  Honorable J. Frederick Motz
_____

Submitted under Third Circuit LAR 34.1(a)
on April 30, 2015

Before: FISHER, HARDIMAN and ROTH, <u>Circuit Judges</u>

(Filed: June 25, 2015)

_____

OPINION[*]
_____

ROTH, <u>Circuit Judge</u>

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Community Country Day School (CCDS), Fananda Clinton, and Juanita Correa, appeal the District Court's dismissal of their complaint alleging that the Erie School District refused to pay the tuition costs of CCDS students in violation of the Medicaid Act's freedom-of-choice provision,[1] and the Due Process Clause of the Constitution. The District Court dismissed the complaint for lack of standing and failure to state a claim. The District Court also denied leave to amend the complaint. We will affirm for the reasons stated in the Magistrate Judge's well-crafted opinion.

## I.[2]

Clinton and Correa are parents and natural guardians of children enrolled at CCDS, a private school providing educational and medical services for children with moderate to severe mental and emotional disorders. CCDS provides medical services through its partial hospitalization program, which is federally subsidized under the Medicaid Act. The medical services are integrated into CCDS' academic program throughout the school day.

Pursuant to a settlement agreement, the School District paid CCDS to educate Medicaid-eligible students receiving partial hospitalization services at CCDS from 2003 to 2007. The District voluntarily extended the payments, albeit in lesser amounts, through 2011, but discontinued all payments thereafter. Despite CCDS' repeated

---

[1] 42 U.S.C. § 1396a(a)(23).

[2] Because the District Court dismissed Appellants' claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), we accept as true all well-pleaded allegations and construe the complaint in the light most favorable to the non-moving party. *See Lewis v. Atlas Van Lines, Inc.*, 542 F.3d 403, 405 (3d Cir. 2008).

requests for tuition subsidies, the School District refused to pay on the basis that it did not refer or place any of the students in CCDS.

On January 23, 2014, CCDS filed a suit in "its representative capacity" on behalf of students who were enrolled at CCDS by their parents and/or guardians for the purpose of receiving medical services in CCDS' Partial Hospitalization Program. CCDS alleged that the School District's refusal to reimburse CCDS for the educational services provided by CCDS to its students violated (1) the parents' right to choose CCDS as a partial hospitalization provider under the Medicaid Act's freedom-of-choice provision, and (2) CCDS students' right to free public education. The District moved to dismiss the complaint for failure to state a claim because Appellants had not alleged a violation of any right guaranteed by the Constitution or laws of the United States enforceable under § 1983. The Magistrate Judge filed a Report and Recommendation, recommending dismissal of Appellants' federal claims for lack of standing and failure to state a claim. Appellants filed objections to the R&R along with a motion to amend the complaint, seeking to add a cause of action under the Due Process Clause for discontinuing tuition payments without a hearing. The District Court dismissed the federal claims, declined to exercise supplemental jurisdiction over the state law claim, and denied leave to amend the complaint. This appeal followed.

**II.**[3]

A.

"Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed."[4]  The Supreme Court has established that "the irreducible constitutional minimum of standing contains three elements[,]" injury in fact, causation and redressability.[5]  The party invoking federal jurisdiction bears the burden of proving standing.[6]

As to the alleged violation of the Medicaid Act's freedom-of-choice provision, we agree with the Magistrate Judge that the parents and CCDS lack standing to pursue the claim.  Clinton and Correa allege that the School District "violated the[ir] civil rights . . . by requiring them to waive their right under law to choose the provider of Medicaid partial hospitalization services . . . as a condition of receiving from the Erie School District an education legally required to be paid by it."  But, according to the complaint, Clinton and Correa *did* choose CCDS as their children's partial hospitalization services

---

[3] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over a district court's jurisdictional determinations and grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *See Reilly v. Ceridian Corp.*, 664 F.3d 38, 41 (3d Cir. 2011).  We review the denial of a motion for leave to amend the complaint for abuse of discretion.  *See Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 160 (3d Cir. 1998).
[4] *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006).
[5] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).
[6] *Id.* at 561

provider.[7] Significantly, the parents do not allege that their children were turned away

from CCDS or that they are contemplating withdrawing their children from CCDS in

favor of free public education. Nor do they allege that their decision to choose CCDS

burdens them financially. Because Clinton and Correa successfully exercised their right

to choose CCDS as a provider of partial hospitalization medical services, they have not

alleged an injury in fact.

The parents' lack of standing is fatal to CCDS' representational standing.[8]

Moreover, CCDS cannot assert third party standing relative to the parents' claim under

the Medicaid Act because it has not shown that the third parties face obstacles that

prevent them from pursuing their claims.[9]

Even if Appellants were to have standing, their Medicaid Act claim would fail on

the merits for the reasons stated in the Magistrate Judge's opinion.[10]

---

[7] *See* J.A. 89-90, 95; *see also* J.A. 94 ("Each plaintiff Parent and each parent and guardian of the Represented Students has chosen CCDS to provide partial hospitalization medical services for his or her Student or Represented Students.").

[8] *See Natural Res. Def. Council, Inc. v. Texaco Ref. & Mktg., Inc.*, 2 F.3d 493, 504-05 (3d Cir. 1993) (holding that representational standing is established when 1) the members would have individual standing to sue; 2) the interests the organization seeks to protect are related to its goals; and 3) the claims do not require individual participation by the members).

[9] *See Taliaferro*, 458 F.3d at 189 n.4 (noting that a litigant may bring a case on behalf of a third party when: (1) the litigant has suffered an injury in fact, giving him a sufficiently concrete interest in the outcome of the issue; (2) the litigant has a close relation to the third party; and (3) there exists some hindrance to the third party's ability to protect his own interest).

[10] We also agree with the Magistrate Judge that Appellants cannot assert an IDEA claim because they failed to exhaust their administrative remedies.

B.

Appellants also challenge the District Court's denial of their motion for leave to file an amended complaint adding a Due Process claim.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading once as a matter of course before a responsive pleading is served. Because a Rule 12(b) motion to dismiss is not considered a responsive pleading, Appellants were entitled to amend their complaint once as a matter of course without leave of the District Court.[11] Nevertheless, we need not address whether the District Court erred in denying Appellants' motion for leave to amend because the amended complaint fails to state a claim. No federal law requires the School District to subsidize private education provided in conjunction with a medical program at CCDS.[12] Because Appellants have not pled deprivation of a property right, they do not have a cognizable § 1983 claim based on the Fourteenth Amendment.[13] To the extent CCDS argues that it has a property right to tuition reimbursement based on the School District's past payments pursuant to

---

[11] *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

[12] *See* 55 Pa. Code § 5210.37 ("The education program may be provided at the same site as the partial hospitalization program, but is considered a separate, though complimentary, program and shall not be included as part of the partial hospitalization program for reimbursement purposes."); *accord* 20 U.S.C. § 1412(a)(10)(C)(I) ("This [IDEA] subchapter does not require a local educational agency to pay for the cost of education . . . of a child with a disability at a private school or facility if that agency made a free appropriate public education available to the child and the parents elected to place the child in such private school or facility."). *See Wise v. Ohio Dep't of Educ.*, 80 F.3d 177, 185 (6th Cir. 1996) ("[T]he parents were not entitled unilaterally to place their child in the facility of their choice and expect that their children would receive a free public education. Whatever its virtue as social policy, IDEA only requires states to provide children with disabilities an appropriate education, not the very best possible special education services.").

[13] *See Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 194 (3d Cir. 2009).

6

an expired settlement agreement, we disagree. Even if the District's failure to continue payments constitutes a breach of the settlement agreement, it does not implicate the Fourteenth Amendment.

We will not consider CCDS' claim, raised for the first time on appeal, that the District violated the Equal Protection Clause by paying for the public education of students at Sarah Reed while refusing to pay for the education of similarly situated students at CCDS.[14]

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[14] *See Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 637 (3d Cir. 2010) ("This court has consistently held that it will not consider issues that are raised for the first time on appeal." (quoting *Harris v. City of Phila.*, 35 F.3d 840, 845 (3d Cir. 1994))).