**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1852
_____

AKINTOYE OMATSOLA LAOYE,
                                        Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-14-cv-05195)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2016
Before:  AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Filed: November 3, 2016)
_____

OPINION*
_____

PER CURIAM

    Akintoye Laoye is a citizen of Nigeria who, at all times relevant to this case, was

under electronic surveillance by the Department of Homeland Security, Immigration and

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Customs Enforcement (ICE).  In August 2014, Laoye filed a pro se complaint and motion

for leave to proceed in forma pauperis (IFP) in the United States District Court for the

District of New Jersey.  In the complaint, Laoye alleged that he had been unable to

undergo corrective jaw surgery in February 2014 because ICE had failed to respond to his

requests to remove his electronic monitoring bracelet for the surgery.  Laoye named the

United States as the sole defendant and sought relief under the Federal Tort Claims Act

(FTCA), 28 U.S.C. §§ 1346(b), 2671-2680.  Laoye also claimed that "the agents of ICE

. . . ignored his fundamental rights under the [C]onstitution."  (Compl. 2, ECF No. 1.)

In support of the complaint, Laoye attached a letter from a doctor stating that he

could not wear his bracelet during the surgery.  Laoye also attached a copy of two

complaints addressed to the Office of Inspector General as evidence that he had complied

with the notice requirements of 28 U.S.C. § 2675(a).  Lastly, he attached a February 2014

letter from a social worker stating that he is being treated for anxiety and Post-traumatic

Stress Disorder.

The District Court granted Laoye's request to proceed IFP and screened the

complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]  Upon review, the District Court

determined that Laoye had failed to plead sufficient facts to state a claim under the

FTCA.  See id. § 1915(e)(2)(B)(ii).  Specifically, the court noted that Laoye had failed to

identify either the individual ICE agents who advised him or the dates on which they

---

[1] The District Court initially denied Laoye's request to proceed IFP and dismissed the
complaint, but Laoye later submitted a new IFP application and motion to reopen.  The

spoke, and had failed to set forth sufficient facts in support of his alleged injuries. The court further noted that "it [was] not clear" whether he had complied with the FTCA's notice requirement. See 28 U.S.C. § 2675(a); 28 C.F.R. § 14.2(a).

The District Court then considered whether to afford Laoye a chance to cure the deficiencies in his complaint, but concluded that amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 113-14 (3d Cir. 2002) (holding that a district court should not dismiss an IFP complaint without granting leave to amend unless "amendment would be inequitable or futile"). In reaching this conclusion, the court noted that "the crux" of Laoye's complaint was that his constitutional rights had been violated, and constitutional claims are not cognizable under the FTCA. (Mem. Op. 4, ECF No. 5 (citing FDIC v. Meyer, 510 U.S. 471, 477 (1994).) For this reason, the District Court dismissed the complaint without providing Laoye an opportunity to amend it. Laoye now appeals from the District Court's order.[2]

While we agree with the District Court that Laoye's initial pro se pleading was insufficient, we cannot agree that Laoye could not include additional factual allegations, name more defendants, or introduce new causes of action to cure the deficiencies therein. See Grayson, 293 F.3d at 113-14; Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000). For example, although the District Court correctly noted that constitutional claims are not

---

District Court reopened the matter and granted the IFP application.

[2] We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review of the District Court's dismissal of Laoye's complaint under § 1915(e)(2)(B). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

3

cognizable under the FTCA, we see no reason why Laoye should not have been permitted to add individual defendants and facts to state a claim under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Similarly, Laoye's allegations, if supported by additional facts, might state a plausible negligence claim under the FTCA. See 28 U.S.C. § 1346(b)(1). Lastly, given that it was unclear from Laoye's pleading whether he had complied with the FTCA's notice requirements, he should be permitted to amend his complaint to address this concern.

Accordingly, we will vacate the District Court's judgment and remand this matter for further proceedings consistent with this opinion.