**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1360
_____

RONNIE COLEMAN, JR.,
Appellant

v.

NEW JERSEY TRANSIT HEADQUARTERS;
NEWARK POLICE LEGAL AFFAIRS;
NJ OFFICE OF THE ATTORNEY GENERAL
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-20-cv-13312)
District Judge: Honorable Madeline C. Arleo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 4, 2021
Before: AMBRO, PORTER, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 4, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Ronnie Coleman, Jr., appeals from the District Court's order dismissing his complaint. For the reasons discussed below, we will affirm.

## I.

In September 2020, Coleman filed his complaint in the District Court against the New Jersey Transit Headquarters, the Newark Police, and the New Jersey Office of the Attorney General. His sole allegation was that, on November 19, 2020, he "was arrest[ed] for the bus not having no air conditioner and wearing a mask." ECF 1 at 3. He raised claims under 49 C.F.R. § 672.11 (a federal Department of Transportation regulation) and three sections of the New Jersey Criminal Code: N.J. Stat. Ann. §§ 2C:13-3, 2C:28-4(a), and 2C:33-4. The District Court screened the complaint and dismissed it, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. The District Court explained that the criminal statutes and transportation regulations that Coleman relied upon do not create a private right of action. This appeal ensued.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's sua sponte dismissal under § 1915(e)(2)(B)(ii) is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Dismissal is appropriate where a complaint has not alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Coleman's brief consists of only a few paragraphs.  He lists the regulations and statutes that he relied upon in the District Court.  See Appellant's Br. at 1–2.  He asserts in conclusory fashion that he "followed all directions and laws and was unlawfully detained."  Id. at 2.  And he asks us to "make a lawful decision" on the basis of documents that he claims to have subpoenaed but he does not provide or describe.  Id. at 6.  The brief fails to argue how the District Court erred in dismissing the complaint, and there is a compelling argument that Coleman has failed to preserve any issues for appellate review.  See, e.g., Geness v. Cox, 902 F.3d 344, 355 (3d Cir. 2018) ("[I]t is well settled that a passing reference to an issue will not suffice to bring that issue before this court." (internal quotation marks omitted)).

In any event, we liberally construe Coleman's brief to argue that the District Court erred in dismissing his claims under the statutes and regulations on which he relied.  We agree with the District Court's conclusion that Coleman failed to state a claim because the criminal statutes and transportation regulations that he relied upon do not create a private right of action.  See generally Jarrell v. Kaul, 123 A.3d 1022, 1029–30 (N.J. 2015) (explaining that "[i]n the absence of strong indicia of a contrary [legislative] intent, we are compelled to conclude that [the Legislature] provided precisely the remedies it considered appropriate") (quotation marks and citations omitted); In re State Comm'n of Investigation, 527 A.2d 851, 854 (N.J. 1987) ("New Jersey courts generally will not allow private plaintiffs to sue . . . to enforce the state penal laws."); 49 U.S.C. § 5329(j)(3) (providing, in the enabling statute for 49 C.F.R. § 672.11, that "[n]othing in

this section shall be construed to create a cause of action under Federal law on behalf of an injured party or confer Federal question jurisdiction for a State law cause of action"). Thus, the District Court properly dismissed Coleman's complaint.[1]

Accordingly, we will affirm the judgment of the District Court.

---

[1] Coleman does not argue that the District Court should have construed his claims differently, and he does not argue that he should have been granted leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Moreover, in contrast to his appeal at C.A. No. 20-1821 — where Coleman provided the documents that he relied upon and made at least some factual allegations regarding the nature of his claims and the actions of the defendants — here he has not set forth any facts in the District Court or this Court suggesting that he could state a plausible claim if given the opportunity to amend his complaint. Nevertheless, we reiterate that, in general, "dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility," and district courts should provide some analysis showing that they have "test[ed] the plaintiffs' various claims against this standard." Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).