OPINION OF THE COURT
CHAGARES, Circuit Judge.
Plaintiffs-appellants Paul and Bonnie Bryan, individually and on behalf of their *145 minor son, K.B., and K.B., appeal the order of the District Court granting defendant-appellee Erie County Office of Children and Youth’s (ECOCY) motion to dismiss their complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Bryans argue that the District Court erred in dismissing their 42 U.S.C. § 1988 claim that the ECOCY violated their Fourteenth Amendment right to substantive due process. In addition, the Bryans contend that the District Court should have given them an opportunity to amend their complaint. Although the Bryans did not move to amend their complaint before the District Court, they now seek leave to file an amended complaint. While we express no opinion on the merits of the Bryans’ claims, we will vacate the District Court’s order and remand to allow the District Court to consider the Bryan’s motion to amend their complaint.
I.
Inasmuch as we write for the parties, we need not recite the procedural or factual background of this case. Our case law makes clear that “even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.... Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility.” Alston v. Parker, 368 F.3d 229, 235-36 (3d Cir.2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002); Shane v. Fauver, 213 F.3d 113, 115-16 (3d Cir.2000)). In Borelli v. City of Reading, 532 F.2d 950 (3d Cir.1976), we recommended a procedure for district courts to follow when dismissing complaints without prejudice and suggested that “district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint at which time an order to dismiss the action would be appropriate.” Id. at 951 & n. 1.
We extended that reasoning in District Council, 47 v. Bradley, 795 F.2d 310 (3d Cir.1986), explaining that in civil rights cases, generally, district courts must sua sponte extend plaintiffs an opportunity to amend before dismissing a complaint, even if they had counsel and did not request it. Id. at 316; Grayson, 293 F.3d at 108; but see Fletcher-Harlee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007) (“[I]n ordinary civil litigation [as opposed to civil rights litigation] it is hardly error for a district court to enter final judgment after granting a Rule 12(b)(6) motion to dismiss when the plaintiff has not properly requested leave to amend its complaint.”).
Although the Bryans did not seek leave to amend their complaint after the ECO-CY moved to dismiss it, the District Court should have informed the Bryans before dismissing their complaint that they had “leave to amend [their] complaint to cure its deficiencies” and should have “granted [them] a set period of time in which to do so.” Grayson, 293 F.3d at 108; Shane, 213 F.3d at 116. Under these circumstances, and in light of the fact that the Bryans now seek leave to file an amended complaint, remand is appropriate. Accordingly, the District Court should offer the Bryans leave to amend, unless a curative amendment would be inequitable, futile, or untimely.
*146 II.
For the foregoing reasons, we will vacate the District Court’s order dismissing the complaint and remand for further proceedings in accordance with this opinion.