Vincent DUTKEVITCH, a minor by and through his parent Sharon DUTKEV-ITCH; Sharon Dutkevitch, individually and on behalf of her son, Appellants

v.

PA CYBER CHARTER SCHOOL; CEO Nick Trombetta; PA State Department Education; Rebecca Manning, Director of Special Education; Gerald Zahorchak; PA Secretary of Education; Director Special Education, in their official and individual capacities; West Side Area Vo–Tech School; Pittston Area School District; Elizabeth Jane Ellis, Administrative Director in her official and individual capacities.

No. 09–2393.

United States Court of Appeals, Third Circuit.

Argued July 12, 2011.

Filed July 21, 2011.

Michael S. Doluisio, Jennings F. Durand (Argued), Stuart T. Steinberg, Dechert, Philadelphia, PA, for Appellants.

John E. Freund, III, Glenna M. Hazeltine, Lucas J. Repka (Argued), King, Spry, Herman, Freund & Faul, Bethlehem, PA, for Appellees.

Before: SLOVITER, FUENTES, and GARTH, Circuit Judges.

OPINION

SLOVITER, Circuit Judge.

Vincent Dutkevitch and his mother Sharon Dutkevitch appeal the District Court's dismissal of Vincent's claims for disability discrimination against the Pittston Area School District and West Side Area Vocational Technical School (collectively "Defendants"). We will affirm.[1]

Because we write primarily for the parties, we need not discuss the facts or procedural history of this case.[2]

In their Third Amended Complaint, the Dutkevitches allege that Defendants discriminated against Vincent on the basis of his disability by failing to make reasonable modifications to their enrollment policies in violation of Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794, and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq.[3] The Dutkevitches seek damages in excess of $75,000 for "the loss of Vincent's vocational technical education ... [that] would have increased Vincent's strengths, preferences and interests in the computer field," and their "present financial hardship" for the cost of Vincent's post-secondary program at the Art Institute of Pittsburgh. App. at 44–45.

The RA and ADA have parallel requirements. See 29 U.S.C. § 794(a); 42 U.S.C. § 12132. See also, e.g., Helen L. v. Di-Dario, 46 F.3d 325, 330 n. 7 (3d Cir.1995).

The parties do not dispute that Vincent is a qualified individual with a disability.[4] Rather, the dispute centers on whether Defendants denied Vincent a vocational education because of his disability.

The District Court correctly concluded that the Dutkevitches failed to state a claim for disability discrimination because "neither [Pittston] nor [West Side] owed any legal obligation to Vincent during any relevant time of this case." Dutkevitch v. PA Cyber Charter Sch., et al., No. 3:CV–07–1672, slip op. at 18 (M.D.Pa. Apr. 8, 2009). Vincent was enrolled with the Pennsylvania Cyber Charter School, which operated as Vincent's Local Education Agency ("LEA") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. Therefore, the Charter School was tasked with providing Vincent with a free appropriate public education and Defendants were not permitted to intervene. See 20 U.S.C. §§ 1412(b), 1414(b).

The Dutkevitches argue that "both the [RA] and the ADA impose an affirmative duty not to discriminate that is distinct from any duties a school district may owe to a student under the IDEA." Appellant's Br. at 20. We disagree. The lack of a duty to Vincent under the IDEA on the part of Pittston and West Side bears directly on whether Defendants violated

---

1. The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367, and this court has jurisdiction under 28 U.S.C. §§ 636(c)(3) and 1291. This court exercises plenary review over a dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). In so doing, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (internal quotation omitted).

2. The court thanks pro bono counsel, Dechert LLP, for their able representation of the Dutkevitches in this matter.

3. The Dutkevitches did not specifically assert a claim under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.

4. Neither do the parties dispute that Defendants receive federal financial assistance, which is also necessary to establish a violation of the RA.

their obligations not to discriminate against Vincent.

Pittston's failure to recommend that Vincent attend a vocational-technical school had nothing to do with Vincent's disability. Rather, Pittston withheld recommendation because it "was not Vincent's LEA" and thus "was not required to make sure Vincent received . . . computer training." *Dutkevitch*, No. 3:CV–07–1672, slip op. at 18. Likewise, West Side's refusal to give Vincent's mother an application to the school had nothing to do with Vincent's disability. Rather, West Side's decision was based on West Side's admissions policies that are consistent with federal law, *see* 20 U.S.C. § 1415(j), and apply equally to all students who, like Vincent, seek to enroll in a vocational school outside their district of residence, *see* 24 P.S. § 18–1847. In other words, as the District Court concluded, "there are insufficient allegations that Defendants withheld from Vincent any educational services or benefits they owed to him because of his disabilities and that they excluded Vincent from any school programs or activities available to other students." *Dutkevitch*, No. 3:CV–07–1672, slip op. at 18.

We further conclude that the District Court did not abuse its discretion when it denied the Dutkevitches' request for leave to amend the complaint a fourth time on the grounds that amendment on the exhaustion of remedies issue would be futile and would cause undue delay and prejudice the Defendants. *See Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 n. 3 (3d Cir.2010) (setting forth abuse-of-discretion standard of review of an order denying leave to amend); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir.2000) (setting forth justifications for denial of leave to amend).

Accordingly, we will affirm the order of the District Court dismissing the Dutkev-

itches' Third Amended Complaint with respect to claims for money damages under Section 504 of the Rehabilitation Act and Title II of the Americans with Disabilities Act and declining to exercise supplemental jurisdiction over the claim for injunctive relief under the Pennsylvania Constitution.