**PSM-213**

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2092
_____

MARC KEATING,
                                        Appellant

v.

PITTSTON CITY; OFFICER TOKAR; OFFICER HUSSEIN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-11-cv-00411)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 9, 2011

Before:  AMBRO, HARDIMAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 5, 2011)
_____

OPINION
_____

PER CURIAM

Pro se appellant Marc Keating appeals the District Court's order dismissing his

complaint under 28 U.S.C. § 1915(e) and denying him leave to amend.  We have

jurisdiction pursuant to 28 U.S.C. § 1291.  For the reasons discussed below, we will

affirm in part, vacate in part, and remand.

This case arises out of an incident in which several police officers, including defendants Officer Tokar and Officer Hussein, allegedly entered the home of Keating's father, searched the home, and handcuffed and strip searched Keating (who was present in the house at the time). Keating has raised the following claims under 42 U.S.C. § 1983: (1) that Officers Tokar and Hussein violated his Fourth Amendment rights by entering his father's house; (2) that Officers Tokar and Hussein violated his Fourth Amendment rights by searching and seizing him[1]; and (3) that defendant the City of Pittston failed to train its officers and was thus liable for their misconduct under <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658 (1978).

A magistrate judge recommended that the complaint be dismissed under § 1915(e). Keating filed objections in which he argued that he should be permitted to amend his complaint to address the shortcomings the magistrate judge identified and to add a claim of trespass under Pennsylvania law. The District Court approved and adopted the report and recommendation, concluding that Keating's claims lacked merit and that amendment would be futile. Keating then filed a timely notice of appeal.

We agree with the District Court that, as pleaded, each of Keating's claims fails as a matter of law. First, the District Court properly dismissed Keating's illegal-entry claim. As the District Court observed, Keating failed to plead that he was anything more than a short-term guest in the home, and he thus lacked standing to assert a Fourth Amendment

---

[1] While this claim seems to concern two separate acts — a search and a seizure — Keating treated it as a single claim in his complaint, and the District Court did the same in its opinion. For purposes of this opinion, we will follow suit.

claim.  See United States v. Mosley, 454 F.3d 249, 259 (3d Cir. 2006).  As to Keating's

claim that he was illegally searched and seized, he did not aver that Tokar or Hussein was

"personally involved" in those incidents, which is required to make out a viable claim

under § 1983.  See, e.g., Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).

Finally, Keating has alleged that Pittston City provided inadequate training to its police

officers in only the most general, conclusory terms; these allegations are insufficient to

make out a meritorious Monell claim.  See Woloszyn v. Cnty. of Lawrence, 396 F.3d

314, 325 (3d Cir. 2005).

However, when a complaint is dismissed for failure to state a claim upon which

relief may be granted, a plaintiff should be granted the opportunity to amend the

complaint unless amendment would be inequitable or futile.  Grayson v. Mayview State

Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The District Court concluded that amendment

here would be futile.  We review this ruling for abuse of discretion; "if a district court

concludes that an amendment is futile based upon its erroneous view of the law, it abuses

its discretion."  Travelers Indem. Co. v. Dammann & Co., Inc., 594 F.3d 238, 243 (3d

Cir. 2010) (internal alteration, quotation marks omitted).

We agree with the District Court that it would have been futile for Keating to

amend his Monell claim; he has given no indication that he can plead anything beyond

the conclusory statements that he presented in his complaint.  It would also be futile for

Keating to amend the claims that he has raised against Officers Hussein and Tokar in

their official capacities, because the Eleventh Amendment bars these claims.  See Hafer

v. Melo, 502 U.S. 21, 27 (1991).  Similarly, while Keating has asked to amend his

3

complaint to include a state-law trespass claim, the District Court correctly concluded that such a claim would be barred by Pennsylvania's Political Subdivision and Tort Claims Act. See 42 Pa. Cons. Stat. § 8550.

On the other hand, we conclude that the District Court erred in refusing to permit Keating to amend his claim that the officers violated his Fourth Amendment rights by entering his father's house. In response to the magistrate judge's recommendation that the claim be dismissed for lack of standing, Keating sought to amend, alleging that he paid for the utilities at his father's house, had permission to reside there, and slept and showered there. The District Court concluded that the proposed amendments would be futile because Keating was not able to plead that he "actually resided" in the home. However, the protections of the Fourth Amendment are not limited to people in "their" houses; "in some circumstances a person may have a legitimate expectation of privacy in the house of someone else." Minnesota v. Carter, 525 U.S. 83, 89 (1998); see Minnesota v. Olson, 495 U.S. 91, 98-99 (1990). Thus, it would not necessarily be futile for Keating to amend his complaint to include further allegations concerning his status in the house at the time the defendants entered. See, e.g., Abbott v. Latshaw, 164 F.3d 141, 149 (3d Cir. 1998).

We likewise conclude that the District Court should have permitted Keating to amend his claim that he was illegally searched and seized. The District Court held that the claim failed because Keating had claimed that Officer Coslett, not Officers Tokar or Hussein, had been the one to effectuate the search and seizure. Keating asked to amend his complaint to include a claim against Coslett; he also presented additional allegations

4

that suggested that Officer Tokar had, in fact, participated in the alleged seizure. See Baker v. Monroe Twp., 50 F.3d 1186, 1190 (3d Cir. 1995). The District Court did not address whether this amendment would be futile; because the proposed amendment appears to cure the deficiency that the Court identified, Keating should also be permitted to amend this claim. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000). We express no opinion as to whether Keating will ultimately plead a colorable claim; we conclude only that he should have been granted leave to amend his complaint as to these claims.

Accordingly, we will vacate the District Court's order insofar as it denied Keating's request to amend his claims that (1) the defendants violated his Fourth Amendment rights by entering his father's house, and (2) the defendants violated his Fourth Amendment rights by searching and seizing him. We remand for further proceedings consistent with this opinion.