NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 12-3910

—————————

ROGER B. STONE, III,

Appellant

v.

THE NEW JERSEY ADMINISTRATIVE OFFICE OF THE COURTS;
VICINAGE 1 OF SUPERIOR COURT, THE STATE OF NEW JERSEY, J. DOES 1-
100, Fictitious Person or Entities Whose Real Names are
Unknown At this Time, jointly, severally, and in the alternative

—————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-11-cv-03229)
District Judge: Honorable Joseph H. Rodriguez

—————————

Argued November 19, 2013

Before: AMBRO, and SMITH, <u>Circuit Judges</u>
and O'CONNOR,[*] <u>Associate Justice</u> (Ret.)

(Opinion filed: January 24, 2014)

Thomas B. Duffy, Esquire   (Argued)
739 Bayview Drive
Absecon, NJ 08201

          Counsel for Appellant

—————————

[*] Honorable Sandra Day O'Connor, Associate Justice (Ret.) for the Supreme Court of the
United States, sitting by designation.

Kelly A. Samuels, Esquire
Susan M. Scott, Esquire     (Argued)
Office of Attorney General of New Jersey
Division of Law/Department of Law and Public Safety
25 Market Street
Richard J. Hughes Justice Complex
Trenton, NJ 08625

      Counsel for Appellees

_____

OPINION

_____

AMBRO, Circuit Judge

Roger Stone ("Roger") is a New Jersey resident with both physical and mental disabilities. His brother, Peter Larry Stone ("Peter Larry"), filed two actions against Roger in the New Jersey state courts, one for abuse of process and one for waste. Both actions were ultimately resolved in Peter Larry's favor. Roger then filed a complaint in federal court arguing that during those proceedings both the state courts and the New Jersey Administrative Office of the Courts ("AOC") discriminated against him because of his disabilities and in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, the Rehabilitation Act ("RA"), 29 U.S.C. § 794, and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10: 5-4. The District Court dismissed Roger's case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, which precludes federal district and appellate courts (save the Supreme Court) from reviewing efforts by losers in the state courts seeking to overturn state court judgments. Bootstrapping its decision to dismiss under Federal Rule of Civil Procedure 12(b)(1), the District Court decided as well that, if it had jurisdiction, Roger's claim

2

failed under Federal Rule of Civil Procedure 12(b)(6). On appeal, Roger argues that the District Court erred by dismissing the case on either basis and that it previously erred in denying his motion for leave to amend the complaint.[1] We affirm the dismissal for failure to state a claim and the denial of the motion for leave to amend.

Before reaching the merits of a case, "we first have an obligation to determine if there is subject matter jurisdiction for [the plaintiff's] federal claim." *In re Knapper*, 407 F.3d 573, 580 n.15 (3d Cir. 2005). The District Court held that it lacked jurisdiction over the case as a whole under the *Rooker-Feldman* doctrine. Our review of a dismissal for lack of subject matter jurisdiction is plenary. *Solis v. Local 234, Transp. Workers Union*, 585 F.3d 172, 176 (3d Cir. 2009). Under this review, the District Court erred in dismissing the case for lack of subject matter jurisdiction.

Before the Supreme Court's decision in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), we understood the *Rooker-Feldman* doctrine to deprive federal courts of jurisdiction in many cases related to previous state court decisions. After *Exxon Mobil*, *Rooker-Feldman* bars only claims that are, in effect, appeals of state court judgments. Here, the only actual decision of a state court that is challenged is the dismissal of the guardian in the second case; no ruling was apparently ever made on the request for a guardian in the first case or either request for an attorney. *Rooker-Feldman* does not bar review of claims never decided by the state courts. *See*

---

[1] We have jurisdiction over the appeal under 28 U.S.C. § 1291. The District Court's jurisdiction is in question under the *Rooker-Feldman* doctrine, though jurisdiction was claimed pursuant to, among other provisions, 28 U.S.C. § 1331. We have jurisdiction over a dismissal for lack of subject matter jurisdiction. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 180 (3d Cir. 2008).

*Ernst v. Child & Youth Servs.*, 108 F.3d 486, 492 (3d Cir. 1997). Moreover, the doctrine does not apply to the actions of administrative agencies like the AOC, the first named defendant in this case. *See Verizon Md., Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) ("The [*Rooker-Feldman*] doctrine has no application to judicial review of executive action, including determinations made by a state administrative agency."). The District Court, which relied heavily on our pre-*Exxon Mobil* precedents, should not have concluded that the *Rooker-Feldman* doctrine applied and thus should not have dismissed the case for lack of subject matter jurisdiction under Rule 12(b)(1).

That said, the District Court correctly dismissed the case under Rule 12(b)(6). Our Court "exercise[s] plenary review over a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6)." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012). To prevail on a claim under either the ADA or the RA, Roger must prove that he "(1) has a disability; (2) was otherwise qualified to participate in a [public] program; and (3) was denied the benefits of the program or was otherwise subject to discrimination because of [his] disability." *Chambers ex rel. Chambers v. School Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 189 (3d Cir. 2009). While he is not required to "negat[e] all conceivable rational justifications for the allegedly discriminatory action," Roger must "show that intentional discrimination was the *but for* cause of the allegedly discriminatory action" to make a *prima facie* case. *New Directions Treatment Servs. v. City of Reading*, 490 F.3d 293, 301 (3d Cir. 2007) (emphasis in original).

Even assuming the first two prongs of the test are satisfied, Roger's complaint does not state a claim under either the ADA or the RA because it does not sufficiently

4

allege that he was excluded from or denied the benefit of the courts based on his disabilities. He argues that the cumulative effect of several purported acts of misconduct by the state courts amounted to a denial of access to the courts on an equal basis with a person without a disability. Taken together, his scattered factual allegations do not "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A few of Roger's claimed violations merit specific attention. First, he argues that the ADA required that he be appointed counsel or a guardian *ad litem*. In each proceeding, Roger and his brother requested the appointment of one or both. In the first case, the judge apparently did not rule on either request. In the second, the judge apparently did not rule on the request for appointed counsel and appointed a guardian *ad litem* whom the judge later dismissed. Insofar as Roger draws legal conclusions, they are not entitled to the presumption of correctness at the motion-to-dismiss stage. *See Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss."). Moreover, Roger has not provided any reason to believe that discrimination, rather than a good-faith conclusion that he did not need the assistance of a guardian or counsel, was the but-for cause of these denials. Without a plausible allegation of but-for causation, Roger cannot make out a *prima facie* case for discrimination. *See New Directions*, 490 F.3d at 301.

Second, Roger's remaining claims fail because he has not alleged that he suffered any harm. As for the purported inadequacy of or failure to comply with the New Jersey

courts' internal ADA policies, even assuming that there is a relevant private right of action, Roger has not alleged any injury from these purported violations. His arguments concerning failure to notify him adequately of his rights under the ADA, in violation of 28 C.F.R. § 35.106, are unavailing for the same reasons. Roger also argues that assessing the costs of the guardian *ad litem* in the second case and of the psychiatric evaluations constituted surcharges in violation of 28 C.F.R. § 35.130(f). However, again assuming that a private right of action applies, both costs were ultimately charged to Peter Larry, not Roger. Thus Roger has not shown that he was injured based on the alleged violations.

The state law counts of the complaint relied on the same factual allegations and theories of injury as the federal counts. Because the NJLAD "relies on the same analytical framework" as the ADA, claims under it can be addressed alongside those under the ADA. *McNemar v. Disney Store, Inc.*, 91 F.3d 610, 618 (3d Cir. 1996). Therefore, for the reasons discussed above, the District Court did not err in dismissing Roger's NJLAD claims for failure to state a claim. Because he has not shown that state or federal law was violated, there was no error in dismissing his request for declaratory judgment.

Finally, Roger argues the District Court erred in denying his motion for leave to amend the complaint. We review a denial of a motion for leave to amend for abuse of discretion. *Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008). Because amending the complaint would have been futile, the District Court did not err in denying the motion.

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleadings after the initial period for amendments as a matter of course "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because the rule requires that "[t]he court should freely give leave when justice so requires," *id.*, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust," *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). "[U]ndue delay, bad faith, and futility" are among the factors potentially justifying denial of leave to amend. *Id.* Amendment is futile where "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

The proposed amendments would have added claims along the same lines as those in the initial complaint and clarified some points. Based on our analysis above, these amendments would not have cured the initial complaint's failure to state a claim because they would not have sufficiently alleged discrimination due to Roger's disability. Amendment would thus have been futile, and the District Court did not abuse its discretion in denying the motion for leave to amend.

\* \* \* \* \*

As we agree with the District Court's decision to dismiss on the merits under Rule 12(b)(6), we affirm both its judgment and its denial of the motion for leave to amend.

7