**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1771
_____

STEVEN B. TRAINER, Appellant

v.

ROBERT ANDERSON, Clifton PD Detective; WAYNE STINE, Clifton PD Detective;
STEVEN FARRELL, Clifton PD Detective; SGT. VINCENT MARTIN, Lodi PD
Detective; JUSTIN BERTONE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-12-cv-02409)
District Judge:  Honorable Susan D. Wigenton
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 11, 2016

Before:  JORDAN, RESTREPO and BARRY, Circuit Judges

(Opinion filed:  October 14, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Steven Trainer appeals the District Court's judgment in favor of the defendant police officers in this civil-rights action. For the reasons detailed below, we will affirm in part, vacate in part, and remand for further proceedings.

Trainer, a state prisoner, filed a complaint in which he alleged that the defendants violated his constitutional rights by (1) falsely arresting him (and conspiring to do so); (2) using excessive force in the course of arresting him; and (3) unlawfully seizing a vehicle. See D.C. dkt. #4.[1] Trainer then sought to amend his complaint to include newly discovered allegations in support of his false-arrest claim. The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismissed claims (1) and (3) for failing to state a claim; the Court did not address Trainer's request to amend. After discovery, the defendants sought summary judgment on the excessive-force claim. The Court granted the motion, and Trainer filed motions to reconsider under Fed. R. Civ. P. 59(e) and to amend under Fed. R. Civ. P. 15. The District Court denied both motions, and Trainer filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's denial of the motion leave to amend for abuse of

---

[1] This was actually Trainer's amended complaint. Trainer first filed a sprawling complaint that the District Court dismissed without prejudice due to its failure to comply with Rules 8, 18, and 20 of the Federal Rules of Civil Procedure. For the sake of simplicity, we will treat the complaint that the District Court addressed on the merits as Trainer's initial complaint.

discretion, but review the District Court's conclusion that amendment would be futile de novo. See Maiden Creek Assocs., L.P. v. U.S. Dep't of Transp., 823 F.3d 184, 189 (3d Cir. 2016).

We agree with the District Court's conclusion that Trainer's false-arrest claim, as originally pleaded, failed to state a claim.[2] Where, as here, an arrest is made pursuant to a warrant, a plaintiff can prevail in a § 1983 action in only limited circumstances, such as where the officer "made false statements or omissions that created a falsehood in applying for a warrant," Dempsey v. Bucknell Univ., -- F.3d ---, 2016 WL 4434400, at *6 (3d Cir. Aug. 22, 2016) (alteration omitted) (quoting Wilson v. Russo, 212 F.3d 781, 786–87 (3d Cir. 2000)), or "where the warrant was 'based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable,'" Messerschmidt v. Millender, 132 S. Ct. 1235, 1245 (2012) (quoting United States v. Leon, 468 U.S. 897, 923 (1984)). While Trainer alleged that a victim's identification of him was not sufficiently definite and that the identification procedures might have been suspect, that identification, combined with the victim's description of the perpetrator and the fact that the vehicle associated with the crime was parked outside Trainer's home, sufficed to render reliance on the warrant reasonable. See, e.g., id. at

---

[2] On appeal, Trainer has not challenged the District Court's dismissal of his claim concerning the seizure of the vehicle or the denial of his Rule 59(e) motion, and we therefore will not address those matters. See, e.g., United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

3

1246-67. Indeed, Trainer does not meaningfully challenge this conclusion on appeal. Thus, we will affirm this aspect of the District Court's judgment.[3]

Nevertheless, we conclude that the District Court erred in denying Trainer's request to amend the false-arrest claim. He alleged, in his proposed amended complaint, that the arrest warrant was procured based on a "bare bones" affidavit that provided no information to establish probable cause. The District Court did not address Trainer's initial request to amend, and denied a second request to amend on the ground that Trainer was merely "paraphrasing" the claim as initially pleaded. However, there is an important difference between the two versions of the claims: while the initial version failed to state a claim (as discussed above), an arrest warrant will not insulate officers from liability when it is supported by an affidavit that contains no "operative fact[s]." Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 565 (1971); Graves v. Mahoning County, 821 F.3d 772, 775 (6th Cir. 2016). Because the District Court did not consider whether it would be futile for Trainer to amend his complaint to allege that his arrest was based on a bare bones affidavit (or whether any of the other factors militating against amendment applied, see Foman v. Davis, 371 U.S. 178, 182 (1962)), we will vacate this part of the District Court's order and remand for that Court to consider the matter in the first instance. See Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

---

[3] Trainer complains that the District Court did not discuss his conspiracy claim, but the conspiracy claim is dependent on the underlying constitutional claim. See In re Orthopedic Bone Screw Prods. Liab. Litig., 193 F.3d 781, 789 (3d Cir. 1999).

We will also vacate the District Court's grant of summary judgment to the defendants on Trainer's excessive-force claim. In analyzing an excessive-force claim, courts examine whether the force used was objectively reasonable, see Graham v. Connor, 490 U.S. 386, 394-95 (1989), considering, among other things, "(1) the severity of [plaintiff's] crime, (2) whether [plaintiff] posed an imminent threat to the safety of the police or others in the vicinity, and (3) whether [plaintiff] attempted to resist arrest or flee the scene," Santini v. Fuentes, 795 F.3d 410, 419 (3d Cir. 2015); see also Sharrar v. Felsing, 128 F.3d 810, 822 (3d Cir. 1997). "[R]easonableness under the Fourth Amendment should frequently remain a question for the jury." Abraham v. Raso, 183 F.3d 279, 290 (3d Cir. 1999).

In his pleadings, declarations, and deposition, Trainer alleged that, in effectuating his arrest, the officers knocked him to the ground with the door of a moving car and then three officers jumped on him, struck him on the head and in the face, and rammed him into the side of a car, all without provocation. A medical report verifies that Trainer was "bleeding from abrasions under the left eye, right side of the head, left side of the head, contusion over the right eye." D.C. dkt. #91-3 at 99. If the facts are as Trainer alleged, a reasonable jury could conclude that it was unreasonable for the defendants to use this amount of force against a compliant individual. See generally Couden v. Duffy, 446 F.3d 483, 497 (3d Cir. 2006); Bush v. Strain, 513 F.3d 492, 502 (5th Cir. 2008).[4]

---

[4] The defendants deny striking Trainer with their vehicle and state that they used force only after Trainer resisted their attempts to arrest him and reached for his waistband in a

While the District Court purported to view the facts in the light most favorable to Trainer, it did not actually do so. Of critical importance, the Court concluded that "Trainer gave the officers good cause to believe that he posed an imminent threat to the safety of the police and others when he reached for [his] waistband as the officers approached him," Op. at 11-12, despite the fact that Trainer flatly denied this allegation, see D.C. dkt. #104-6 at 21. It was inappropriate for the District Court to accept the defendants' version of this dispute at the summary-judgment stage. See Rivas v. City of Passaic, 365 F.3d 181, 199 (3d Cir. 2004). The Court also concluded that Trainer's "contention that he was totally compliant during the course of his arrest is at odds with the fact that he was charged with resisting arrest and assaulting a law enforcement officer immediately following his arrest." Op. at 11. However, it appears that those charges were dismissed, and Trainer has denied the allegations. Thus, the fact that the police charged Trainer did not entitle the officers to summary judgment. See Santini, 795 F.3d at 419 & n.13.[5] Moreover, these same disputed facts also rendered "a decision on qualified immunity . . . premature." Curley v. Klem, 298 F.3d 271, 278 (3d Cir. 2002).

threatening way. A jury believing the defendants' account could certainly return a verdict in their favor, see Graham, 490 U.S. at 394-95, and we thus reject Trainer's claim that the District Court should have granted his cross-motion for summary judgment.

[5] Trainer asserted that two defendants — Detective Justin Bertone and Detective Vincent Martin — were liable because they failed to intervene when the other detectives were attacking him. The District Court granted judgment to Detectives Bertone and Martin solely on the ground that Trainer's underlying excessive-force claim failed. Because we vacate the District Court's decision concerning excessive force, we will also vacate its decision as to Detectives Bertone and Martin, although we express no opinion about any

6

Accordingly, we will affirm the District Court's judgment in part and will vacate the judgment and remand for further proceedings insofar as the Court (1) denied Trainer leave to amend without considering his claim that he was falsely arrested pursuant to a warrant supported by just a "bare bones" affidavit, and (2) granted summary judgment to the defendants on Trainer's excessive-force claim.

other defense those officers might seek to raise.