**BLD-015**            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1498
_____

DAVID CARMICHAEL,
Appellant

v.

KENNETH HOLLIBAUGH, Superintendent, S.C.I. Somerset; PENNSYLVANIA
BOARD OF PAROLE AND PARDONS; PATRICIA K. CUSHWA, United States
Parole Commission Chairperson; TIFFANY S. SMITH, United States Commission Case
Analyst; MICHAEL WERTZ, Pennsylvania Parole Agent
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 3:23-cv-00305)
District Judge: Honorable Nora B. Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 23, 2025

Before: KRAUSE, MATEY, and BOVE, <u>Circuit Judges</u>

(Opinion filed November 10, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

David Carmichael, a Pennsylvania state prisoner proceeding pro se, appeals from the District Court's order dismissing his complaint. Because the appeal does not present a substantial question, we will summarily affirm.

In his complaint, Carmichael alleged that he had been paroled from a Pennsylvania state sentence, and was living in Washington, D.C., when he committed a new criminal offense in Virginia in 2022. He was convicted, sentenced to nine months' imprisonment, and served that term of imprisonment in Virginia custody until he was released in May 2023. The Pennsylvania Board of Parole and Pardons ("Parole Board") then began revocation proceedings. Carmichael was arrested in Washington, D.C., on August 9, 2023, and he was returned to custody in Pennsylvania. The Parole Board revoked Carmichael's parole after a revocation hearing on October 5, 2023.

Carmichael then filed a civil rights complaint in the District Court against the Parole Board and related defendants. He brought claims under 42 U.S.C. § 1983 based on his allegations that the revocation hearing was untimely. The District Court, adopting the Report and Recommendation of the Magistrate Judge, screened the complaint and dismissed it for failure to state a claim. This appeal, which was timely filed after the District Court granted an extension of time, ensued.

2

We have jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's dismissal order, and we "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom."  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (cleaned up).  We may summarily affirm on any basis supported by the record if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); Third Circuit LAR 27.4 and I.O.P. 10.6.

A parole "revocation hearing must be tendered within a reasonable time after the parolee is taken into custody."  Morrissey v. Brewer, 408 U.S. 471, 488 (1972).  Here, Carmichael alleged that the Pennsylvania Parole Board held the October 5, 2023 revocation hearing within two months of when he was taken into Pennsylvania custody on August 9, 2023.  This lapse of less than two months is not unreasonable.  See id. ("A lapse of two months . . . would not appear to be unreasonable.").  Moreover, Carmichael has not alleged how he suffered any injury from the timing of the hearing.  See generally Sample v. Diecks, 885 F.2d 1099, 1113–14 (3d Cir. 1989) (discussing the injury requirement).  Because Carmichael's claims all stemmed from his allegations that the revocation hearing was untimely, we agree with the District Court's determination that he failed to state a claim.[1]  And, after construing Carmichael's attempt to amend his

---

[1] While the basis of Carmichael's Eighth Amendment claim is somewhat unclear, we

3

complaint as a proffer of the additional allegations he could make if permitted to amend, the District Court properly determined that amendment would be futile, as Carmichael essentially repeated the same allegations that he had made in his original complaint. See Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") (citation omitted).

Accordingly, we will affirm the judgment of the District Court.

---

agree with the District Court that he failed to allege that the revocation proceedings resulted in his being detained beyond the termination of his sentence. See generally Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993) (discussing Eighth Amendment claims in this context).