**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-2341

_____

LYASIA N. ASHLEY, Administratrix of the Estate of Willie Lee Gary,
Appellant

v.

ERIC BRADLEY; CORRECTIONS OFFICER ORNER; RICK BRILL; RYAN
SWARTZFAGER; JEFFREY CONNOR; RONALD ATCAVAGE; JEFFREY
BARONSKI; CRAIG PRICE; JAMES GRIZZANTI; MICHAEL YOUNG; ERIC
DECKER; UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 3:23-cv-01594)
District Judge: Honorable Karoline Mehalchick

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 8, 2026

Before: HARDIMAN, BOVE, and FISHER, *Circuit Judges*.

(Filed: June 9, 2026)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Lyasia Ashley, Administratrix of the Estate of Willie Gary, appeals an order dismissing her claims arising out of Gary's death while an inmate at United States Penitentiary (USP) Canaan. The District Court held that Ashley could not state a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) or the Federal Tort Claims Act (FTCA). We agree with the District Court.

I

Gary was beaten to death by fellow inmates in September 2021. The assault began when his cellmate attacked and injured him in their shared cell. The cellmate then forced Gary into another cell where other inmates were lying in wait. While one inmate acted as guard and lookout, the others continued the beating. Gary eventually collapsed, became unconscious, and died from his injuries. The inmate who guarded the entrance remained there for around three hours after the assault ended. The emergency alarm in Gary's cell was triggered during the initial assault by his cellmate, and live video footage showed the inmate blocking the doorway into the second cell, yet officers inexplicably failed to discover Gary until hours after he died.

Ashley quickly learned that Gary had been killed by other inmates, though she alleges that because of a federal investigation into the incident, she "was unable to receive any documentation" from USP Canaan until January 2023 and "had no reason until that time to know of the actions and inactions of Defendants." App. 33. She sued in September 2023. Invoking *Bivens* and *Carlson v. Green*, 446 U.S. 14 (1980), Ashley claimed that she had an implied cause of action under the Eighth Amendment against

2

individual prison officials for deliberately failing to protect and treat Gary. She also sued the United States for negligence under the FTCA. In August 2024, nearly a year after filing this suit, Ashley filed an FTCA administrative claim with the Bureau of Prisons (BOP).

After about a year and a half of extensions, during which Ashley amended her complaint once, the District Court dismissed all of Ashley's claims. The District Court held that no *Bivens* claim exists for the alleged Eighth Amendment violations and that it had no jurisdiction over the FTCA claim because it was time-barred. The Court also denied Ashley leave to amend on futility grounds.

This timely appeal followed.

## II[1]

### A

We begin with whether Ashley has an Eighth Amendment *Bivens* claim. She concedes on appeal that our decision in *Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024), forecloses her claims premised on the officers' failure to protect Gary from other inmates. But she contends that the Supreme Court's decision in *Carlson* supports a *Bivens* action premised on the officers' failure to treat the injuries the inmates inflicted. We disagree.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review an order dismissing a complaint for failure to state a claim de novo. *Kalu v. Spaulding*, 113 F.4th 311, 324 (3d Cir. 2024). We review a district court's order denying leave to amend the complaint for abuse of discretion. *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

Ashley's claim "differs meaningfully" from the one recognized in *Carlson* and thus arises in a new context. *Fisher*, 115 F.4th at 206. In *Carlson*, prison officials knowingly housed an asthmatic inmate at an unsuitable facility and then administered inadequate medical treatment following an asthma attack that killed him. 446 U.S. at 16 n.1. Ashley's claim, by contrast, does not arise from pure failures of medical care. Rather, she alleges that after the assault, an inmate continued for hours to block entry into the cell where Gary lay unconscious. So the officers' failure to treat Gary's injuries is inseparable from their failure to protect him from other inmates. The prison-security component of this case, which was not present in *Carlson*, constitutes a meaningful difference. *Cf. Egbert v. Boule*, 596 U.S. 482, 494 (2022) (holding excessive-force claim against border-patrol agent was meaningfully different from the excessive-force claim against narcotics agents in *Bivens* because only the former implicated border security).

Having determined that Ashley's claim arises in a new context, we cannot imply a constitutional damages action if there is any reason to think Congress is better suited to weigh the costs and benefits. *Fisher*, 115 F.4th at 207. One "quintessential" reason, we have held, is the existence of an alternative remedial scheme like the BOP's Administrative Remedy Program. *Id.*; *see also Kalu v. Spaulding*, 113 F.4th 311, 332–33, 338–39, 346 (3d Cir. 2024).[2] So we cannot "superimpos[e] a *Bivens* remedy" here.

---

[2] Even if the Administrative Remedy Program was not available to Ashley as Administratrix of Gary's estate, that would not alter the analysis. The question is "whether the Government has put in place safeguards to prevent constitutional violations from recurring," *Egbert*, 596 U.S. at 498 (citation modified), not whether the plaintiff in a particular case could have obtained redress under those safeguards, *id.* at 493 ("[T]he relevant question is not . . . whether the court should provide for a wrong that would

*Fisher*, 115 F.4th at 208.

Nor did the District Court abuse its discretion when it denied Ashley leave to amend her *Bivens* claim. The Court rightly concluded that Congress is better suited than the judiciary to create a damages action in the new context in which Ashley's claim arises. So more specific factual allegations could not rescue her claim. *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

B

Ashley next challenges the District Court's dismissal of her FTCA claim as time-barred. She acknowledges that she did not file an administrative claim within two years of learning that Gary had been killed by other inmates. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues[.]"). But she contends that her claim did not accrue until a year and a half after she learned those facts because "a federal investigation" prevented her from "receiv[ing] any documentation regarding the cause of Gary's death." App. 33. That argument fails because FTCA claims accrue on the date the plaintiff learns of her injury and sufficient information to know she should "investigate to determine whether [s]he is entitled to redress." *Zeleznik v. United States*, 770 F.2d 20, 23 (3d Cir. 1985). Ashley was on inquiry notice as soon as she learned the basic facts of Gary's death soon after it occurred. *See id.* (holding that plaintiffs' claim accrued once they "knew the immediate cause of [their son's] death,"

---

otherwise go unredressed." (citation modified)); *see also Bulger v. Hurwitz*, 62 F.4th 127, 141 (4th Cir. 2023); *Johnson v. Terry*, 119 F.4th 840, 860 (11th Cir. 2024).

even though they did not learn of defendants' involvement until much later).

As the District Court and Defendants have pointed out, Ashley's argument may be more appropriately understood as one for equitable tolling, which permits courts to "rescue a claim otherwise barred as untimely" when equitable considerations warrant doing so. *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009). But even under that doctrine, her factual allegations are insufficient. Equitable tolling requires diligence. *D.J.S.-W. ex rel. Stewart v. United States*, 962 F.3d 745, 750 (3d Cir. 2020). Yet nothing in Ashley's complaint describes what steps she undertook to discover Defendants' involvement in the circumstances leading to Gary's death.[3]

The District Court also reasonably denied Ashley leave to amend. She sought to plead that, after Gary's death, the eyewitnesses were placed in solitary confinement and then moved to other facilities. Those facts would neither change the date of claim accrual nor establish the diligence required for equitable tolling. So the proposed amendment would have been futile, and leave to amend was properly denied. *Shane*, 213 F.3d at 115.

\*     \*     \*

For the reasons stated, we will affirm.

---

[3] The District Court mislabeled its dismissal as one for lack of jurisdiction. The FTCA's time limitations are not jurisdictional—if they were, they could not be equitably tolled. *United States v. Wong*, 575 U.S. 402, 409, 412 (2015).